IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel
*Dana Scott Maye El*
*#18118-050*

Full name & prison number
(if any) of Petitioner

v.

*Jake Mendez, Warden*
*US Penitentiary Allenwood*
Name of Respondent

NO. 1:CV 01-1258

FILED
SCRANTON

JUL - 6 2001

PER _____
DEPUTY CLERK

(PERSONS IN FEDERAL CUSTODY)

PETITION FOR WRIT OF HABEAS CORPUS

Instructions - READ CAREFULLY

1. In order for this petition to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), and the unsworn declaration signed by the petitioner. It shall set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

2. Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

3. When the petition is completed, the <u>original and three copies</u> shall be mailed to the Clerk, United States District Court, Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pa. 18501.

If you are unable to pay the $5.00 filing fee for this action, you may petition the court to proceed <u>in forma pauperis</u>. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

1. Place of detention  US Penitentiary Allenwood; White Deer, PA
2. Name and location of court which imposed sentence  US District Court for the District of New Jersey; Newark, New Jersey
3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

    (a) 94-443    18 USC 922(g): Possession of a
    (b) Firearm by a convicted felon (1 count)
    (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:

    (a) April 12, 1995    103 months confinement and
    (b) 3 years supervised release and $50 special assessment.
    (c) _____

5. Check whether a finding of guilty was made

    (a) after a plea of guilty  ✓
    (b) After a plea of not guilty _____
    (c) after a plea of nolo contendere _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

    (a) a jury  N/A
    (b) a judge without a jury  N/A

7. Did you appeal from the judgment of conviction or the imposition of sentence?

    No

-2-

8. If you answered "yes" to (7), list

(a) the name of each court to which you appealed:

   i. N/A
   ii. "
   iii. "

(b) the result in each such court to which appealed:

   i. N/A
   ii. "
   iii. "

(c) the date of each such result:

   i. N/A
   ii. "
   iii. "

(d) if known, citations of any written opinions or orders entered pursuant to such results:

   i. N/A
   ii. "
   iii. "

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

(a) I am not being properly credited for my presentence confinement and I am being required to serve 98 months on a 103 month sentence instead of the statutory 87 months.

(b) _____

-3-

(e)

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

(a) Petitioner was arrested on the instant offense on February 25, 1994 and housed at the Hudson County Jail in New Jersey. (See Exhibit #1 Presentence Investigation Report pg. 4 at 8.) At the time of my arrest I was on parole from a previous state sentence. (See PSI pg. 10 at 54) My parole expiration date was October 2, 1994 (Ibid at 55.) On August 8, 1994 Petitioner received a Parole Revocation Probable Cause Hearing and was ordered to be transferred to PRU-GSRSYCF, Yardsville to remain in confinement pending a Final Revocation Hearing. (See Exhibit 2- Notice of Probable Cause Decision: Back Page) However Petitioner remained in the Hudson County Jail until on or about October 22, 1994. (It should be noted that the PSI wrongly asserts Petitioner was transferred to federal custody on September 14, 1994. The significance of that date will be illustrated below.)(See PSI pg. 1 at "Release Status) My parole was closed out "unsatisfactory" on October 2, 1994 and Petitioner was terminated from parole supervision on October 2, 1994. (See PSI at 54 and 55)

I pled guilty to the instant offense and was sentenced on April 12, 19__ to 103 months. Upon receipt of my Sentence Computation Monitoring Data Sheet Petitioner noticed that he was receiving jail credit from Oct 2, 1994 to April 11, 1995 but was not credited with the time from the date of his arrest. (See Exhibit 3: Sentence Computation Monitoring Data Sheet pg.2)

Petitioner complained through the Administrative Remedy Procedures and was informed that he did not receive jail credit from Feb 25-Oct 1, 1994 because he was serving a parole violation and could not receive credit for time that has been credited against another sentence. (See Exhibit 4: Administrative Remedy)

-2-

Petitioner requested that the document upon which the Bureau of Prisons relied indicating petitioner was serving a parole violation be produced, as the document with which petitioner was provided by the New Jersey Parole Board indicates the Final Revocation Hearing was waived on August 8, 1994 and petitioner was supposed to be transferred to PRU-GSR and YCF, Yardsville to remain in confinement pending a Final Revocation Hearing. (See Exhibit 2 - Notice of Probable Cause.) Further the information in the Presentence Investigation Reports contradicts that petitioner was serving time for a parole violation. (See PSI at 54 and 55)

Even though petitioner was never transferred as ordered it is clear through both documentary evidence and the actions of the State of New Jersey that they desire to project that petitioner was credited with the time starting from August 8, 1994 to September 14, 1994 towards his sentence and during the time from February 25, 1994 to August 8, 1994 petitioner was maintained on parole. (See Exhibit 2 - Notice of Probable Cause.)

The State of New Jersey and the author of the PSI Report attempt to support the illusion that petitioner was credited with parole violation time between August 8, 1994 and September 14, 1994. (See PSI pg. 1 "Release Status"). According to N.J. Dept. of Correction Regulations a prisoner who is paroled with Minimum X status is credited with 10 days per month good time if he is recommitted. If petitioner was credited with serving a parole violation sentence from February 25 to October 2 he would have accrued 55 good days by August 8th

-3-

and his sentence should have ended on or about that date, and he should have been transferred to federal custody.

However according to the PSI petitioner was not transferred until September 14, 1994. It should again be noted that the actual transfer occurred on or about October 2, 1994 but the September 14, 1994 date is necessary to maintain the illusion of credit for a parole violation sentence. When the time between August 8, 1994 parole revocation date and October 2, 1994 is adjusted for the 10 day per month good time credit, the 55 days between those dates is reduced by 18 days and 18 days before October 2 is September 14th. (Compare with PSI at 54 and 55.)

The Sentencing Statute 18 USC 3585(b)(1), states that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed, that has not been credited against any other sentence.

It should be clear that petitioner was maintained on parole until October 2, 1994 and therefore should be eligible for the full jail time credit from Feb 25, 1994 until April 11, 1995. "Defendant entitled to credit on his federal sentence for time he was in confinement while on state parole." McClain v BOP 9 F3d 503, 505 (6 Cir 1997). In the event the court accepts the period from August 8, 1994 to September 14, 1994 as being credited towards petitioner's parole violation, petitioner is still entitled for credit for the period of Feb 25th to Aug 8th and Sept. 14th to Oct 1st 1994.

S/W

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | PRESENTENCE INVESTIGATION REPORT |
| | ) | |
| DANA S. MAYE | ) | Docket No. 94-00443-001 |

**Prepared For:** THE HONORABLE HAROLD A. ACKERMAN
United States District Judge

**Prepared By:** TRACY L. REID
United States Probation Officer
Newark, New Jersey
(201) 645-2025

**Assistant U.S. Attorney**
Sherry Hutchins
970 Broad Street
Newark, New Jersey  07102
(201) 645-2723

**Defense Counsel**
John Yauch, AFPD
972 Broad Street
Newark, New Jersey  07102
(201) 645-6347

**Sentence Date:** 04/12/95

**Offense:** Count One: Possession of a Firearm By a Convicted Felon
18 U.S.C. § 922(g) - 10 years/$250,000 fine, a class C felony

**Arrest Date:** 02/25/94

**Release Status:** On February 25, 1994, Maye was arrested by the Jersey City Police and incarcerated at the Hudson County Jail in Kearny, New Jersey. On September 14, 1994, he was transported to the Union County Jail in Elizabeth, New Jersey by the federal authorities and has been in custody since that time.

**Detainers:** None.

**Codefendants:** None.

**Related Cases:** None.

Date Report Prepared: 01/22/95                     Date Report Revised: 04/10/95

Exhibit #1

U.S. DISTRICT COURT           - 4 -                    DANA S. MAYE

Pretrial Adjustment

6. The defendant has not been supervised by the United States Pretrial Service Agency due to his incarceration since the date of arrest.

The Offense Conduct

7. This investigation conducted by the Jersey City Police, was based on violations of the Federal Firearms' Laws by Dana Scott Maye. Mr. Maye is a convicted felon, and on February 25, 1994 illegally possessed a Stallard Arms, Model JS-9, 9mm pistol, serial #040342 with a defaced serial number.

8. On February 25, 1994, Dana S. Maye, while being in the status of a convicted felon, was arrested by Port Authority Police in Jersey City, New Jersey for Robbery, Possession of a Weapon, Defaced Firearm and Prohibited Weapon and Device.

9. According to the Jersey City Police report, the Jersey City Police were alerted by Port Authority Trans Hudson (PATH), civilian personnel of a disturbance on a platform at the PATH Hoboken train station that someone had been robbed and the perpetrator was armed with a handgun. Dana Maye was later apprehended and found in possession of a Stallard Arms model JS-9MM pistol, which was loaded with four hollow point bullets. A further inspection of the firearm revealed the weapon had defaced serial numbers. The victim informed the police that Maye removed the victim's gold chain from his neck and when the victim attempted to retrieve the chain, Maye removed the handgun from the waistband of his pants and brandished the weapon, placing the victim in fear. The arresting police officer recovered the loaded handgun from the defendant's person and placed him under arrest. He was then transported to the Journal Square Transportation Center in Jersey City, New Jersey.

10. According to the Bureau of Alcohol, Tobacco and Firearms, (ATF), investigation report, on May 19, 1994, the firearm was test fired and found to be operable and capable of being discharged and the serial number was restored to read 040342.

11. On July 12, 1994, four (4) sets of fingerprints were transported by an ATF special agent to the Essex County Sheriff'S Office in Newark, New Jersey to be examined. These sets of fingerprints were found to have been taken from the same individual, Dana Scott Maye, on August 8, 1988, November 27, 1989, January 1, 1990 and February 25, 1994.

12. On July 26, 1994, an ATF special agent reportedly advised that Maye's firearm had to have travelled in or affected interstate commerce.

13. According to the ATF agent, the firearm involved in the instant offense was not stolen and is now in the possession of the Jersey City Police Department.

51. The Jersey City Police observed Dana Maye run a red light and drive erratically east on Communipaw Avenue in Jersey City. The police activated their overhead lights and siren. The defendant continued to drive at a high rate of speed until he stopped the vehicle, exited and fled on foot. Maye was later apprehended by the police and found to have 5 empty vials of cocaine in his possession.

52. 06/17/92 (age 28) | Terroristic Threats, Hudson County Superior Court, Jersey City, New Jersey (Ind.#1563-08-92) | 12/10/92: 3 years N.J.S.P. to run concurrent to parole violation imposed on 08/19/92 (Acc. 278-90), $600 fine; parole date: 06/22/93 max. date: 10/02/94 parole revoked: 08/08/94 | 4A1.1(a) | 3

53. The details concerning this offense are unavailable. According to the defendant, the above noted offense involved a domestic dispute between himself and his wife, Debra Scott, in which both parties filed charges against each other.

Parole Adjustment

54. According to Hudson County Parole records, the defendant was placed on parole supervision on June 22, 1993, with a maximum expiration date of October 2, 1994. While on parole supervision, the defendant was arrested on the instant offense (February 25, 1994). Due to the defendant's non-compliance on supervision, a bench warrant was issued for his arrest on March 9, 1994. Since the defendant was viewed as a potential danger to the community, his parole was revoked on August 8, 1994. The defendant's parole was closed out "unsatisfactory" on October 2, 1994.

Criminal History Computation

55. At the time the instant offense was committed, the defendant was on parole in Hudson County since June 22, 1993 on Ind. #1563-08-92. Reportedly, he was terminated from parole supervision on October 2, 1994. Pursuant to U.S.S.G. § 4A1.1(d), two points are added.

56. The instant offense was committed less than two years following the defendant's release from custody on Ind. #1563-08-92 for the sentence of Terroristic Threats. Pursuant to U.S.S.G. § 4A1.1(e), one point is added.

57. The total of the criminal history points is 23. According to the sentencing table at U.S.S.G. Chapter 5, Part A, 23 criminal history points establish a criminal history category of VI.

**DO #4**

C-40
Revised 1/93

STATE OF NEW JERSEY
DEPARTMENT OF CORRECTIONS   WARRANT ISSUED: 3-9-94
DIVISION OF OPERATIONS
BUREAU OF PAROLE            WARRANT ENFORCED: 3-9-94

NOTICE OF PROBABLE CAUSE DECISION

NAME: Dana MAYE                         INSTITUTION NO. PN 249845

DATE OF HEARING: To be determined       LOCATION: HCJ ID #5457, A 300 WEST
                                                  Hudson County Jail-**WAIVER**

DATE OF BIRTH: 4-5-65                   ADJUSTED MAXIMUM: 10-2-94

DATE OF PAROLE: 6-22-93

I find that there is probable cause that the following terms, conditions, and limitations of parole were violated based upon the following evidence and testimony presented at your Probable Cause Hearing. Refer to the reverse side of this notice for the action to be taken in your case.

Dana MAYE                     Waived his/her right to have a Probable Cause Hearing at the Hudson County Jail on (to be determin) as indicated on Form C-41.

Accordingly, violation(s) **#1 and #7**                                  are referred to the State Parole Board for its consideration.

**NOTE:** This Probable Cause Hearing was originally scheudled for 3-23-94 but was postponed due to subject's request for court-appointed legal representation. Subject now wishes to waive both the Probable Cause Hearing and the Final Revocation Hearing (signed waiver attached).

DISTRIBUTION
Orig: Parole Board
   c    Parolee
  2c    CPB
   c    DO(s) # 4
        IPO - Donald J. Meliado, Jr., Esq., 707 Broadway, PO Box 765, Bayonne, NJ.
        Counsel -
PRU-GSR&YCF, Classification Unit

Exhibit #2

The parolee is hereby advised that he may submit written exceptions or comments on this hearing summary. Such exceptions or comments are to be submitted within fourteen (14) days after receipt of this report and may be mailed directly to:

    NEW JERSEY STATE PAROLE BOARD
    CN 862
    TRENTON, NJ 08625

If the parolee is aware of the specific panel having jurisdiction over his/her case (__Juvenile, __Adult, or __Prison), the address should carry a notation to that effect.

I hereby order that the following action be taken:

[ ] The parolee shall be continued on parole. (check only if no probable cause)

[ ] The parolee shall be continued on parole pending a final determination by the paroling authority, despite finding of probable cause.

[ ] The parolee shall continue to remain at liberty pending the Final Revocation Hearing.

[ ] The parolee shall be released from confinement at _____ pending the Final Revocation Hearing.

[ ] The parolee shall be arrested and placed in confinement at _____ pending the Final Revocation Hearing.

[X] The parolee shall be transferred from Hudson County Correctional Center, 35 Hackensack Avenue, Kearny, NJ. to PRU-GSR&YCF, YARDVILLE _____, to remain in confinement pending the Final Revocation Hearing.

[X] Inasmuch as probable cause has been found to believe subject violated his parole by becoming re-involved in criminal activity, he is viewed as a potential danger to the community.

_____

8-8-94                                            By: Sr. P.O., Herbert C. Davis
Date                                                  Hearing Officer

trans: 8-8-94 alj
      Date

```
    ALPC2    540*23  *           SENTENCE MONITORING          *       06-27-2001
    PAGE 001         *           COMPUTATION DATA             *       11:12:35
                                 AS OF 06-27-2001
```

REGNO..: 18118-050 NAME: MAYE, DANA SCOTT

FBI NO............: 981843HA4              DATE OF BIRTH: 04-05-1965
ARS1..............: ALP/A-DES
UNIT..............: I                       QUARTERS.....: A01-130L
DETAINERS.........: NO                      NOTIFICATIONS: YES

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-04-2002 VIA GCT REL

REMARKS..........: NOTIFY NEW JERSEY DEPT. OF CORRECTIONS - DIVISION OF PAROLE
                   ON PAROLE W/THEM UNTIL 04-15-2002

------------------------CURRENT JUDGMENT/WARRANT NO: 010 -------------------------

COURT OF JURISDICTION............: NEW JERSEY
DOCKET NUMBER....................: 94-443 (01)
JUDGE............................: ACKERMAN
DATE SENTENCED/PROBATION IMPOSED: 04-12-1995
DATE COMMITTED...................: 06-01-1995
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES            COSTS
NON-COMMITTED.:  $50.00          $00.00           $00.00           $00.00

RESTITUTION...: PROPERTY:  NO   SERVICES:  NO       AMOUNT:   $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  137
OFF/CHG: 18 USC 922(G) POSSESSION OF FIREARM BY CONVICTED FELON

  SENTENCE PROCEDURE..............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   103 MONTHS
  TERM OF SUPERVISION.............:   3 YEARS
  DATE OF OFFENSE.................: 02-25-1994


G0002         MORE PAGES TO FOLLOW . . .

Exhibit #3

```
   ALPC2   540*23  *           SENTENCE MONITORING           *     06-27-2001
   PAGE 002 OF 002 *            COMPUTATION DATA             *     11:12:35
                                 AS OF 06-27-2001

   REGNO..: 18118-050 NAME: MAYE, DANA SCOTT

   -------------------------------CURRENT COMPUTATION NO: 010 --------------------

   COMPUTATION 010 WAS LAST UPDATED ON 03-13-2001 AT ALP AUTOMATICALLY

   THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
   CURRENT COMPUTATION 010: 010 010

   DATE COMPUTATION BEGAN..........: 04-12-1995
   TOTAL TERM IN EFFECT............: 103 MONTHS
   TOTAL TERM IN EFFECT CONVERTED..:   8 YEARS      7 MONTHS

   JAIL CREDIT.....................: FROM DATE    THRU DATE
                                     10-02-1994   04-11-1995

   TOTAL PRIOR CREDIT TIME.........: 192
   TOTAL INOPERATIVE TIME..........: 0
   TOTAL GCT POSSIBLE..............: 333
   TOTAL GCT AWARDED...............: 243
   STATUTORY RELEASE DATE (CURRENT): 09-02-2002
   SIX MONTH /10% DATE.............: 12-04-2001
   EXPIRATION FULL TERM DATE.......: 05-03-2003


   PROJECTED SATISFACTION DATE.....: 06-04-2002
   PROJECTED SATISFACTION METHOD...: GCT REL




   G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

ADMIN. REM. 91856-A2
PART B - RESPONSE

You request prior custody credit toward your federal sentence for time you spent in state custody, that was credited towards your state parole violator term. Specifically, you contend that you are entitled to presentence time credit from February 25, 1994, through October 1, 1994.

A review of this matter reveals you were arrested by state authorities on February 25, 1994, for Robbery and Prohibited Weapons & Devices, Possession of Defaced Firearms and Possession of Certain Bullets. You also committed the federal offense of violating 18 U.S.C. § 922(g), Possession of Firearm by Convicted Felon. You have been incarcerated since your arrest on February 25, 1994. On March 2, 1994, the state issued a parole violation warrant. The state granted you credit on your parole violation term from February 25, 1994, through October 10, 1994. On that date you were remanded to federal custody, pending sentencing for your federal offense. On April 12, 1995, you were sentenced in federal court to a term of 103 months. Your were granted 192 days jail time credit for the time you spent in federal custody awaiting sentencing, from October 2, 1994, through April 11, 1995.

Title 18 U.S.C. § 3585(b), as implemented by Bureau of Prisons Program Statement 5880.28, governs the granting of prior custody credit for all inmates that committed offenses on or after November 1, 1987. You received credit towards your state sentence from the date of arrest until the date you were paroled from the state. You are ineligible for additional prior custody credit because the prior custody credit you request is not authorized by 18 U.S.C. § 3585(b)(2) which states: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence."** (Emphasis added) The Bureau of Prisons has no authority to consider "due process" considerations you feel were not afforded by the state. Your appeal is denied.

12/12/95
DATE

for/ED CROSLEY, ADMINISTRATOR
NATIONAL INMATE APPEALS

Exhibit #4

11. Have you filed previous petitions for habeas corpus motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction:

No

12. If you answered "yes" to (11), list with respect to each petition, motion or application

    (a) the specific nature thereof:

        i. N/A

        ii. "

        iii. "

    (b) the name and location of the court in which each was filed.

        i. N/A

        ii. "

        iii. "

    (c) the disposition thereof.

        i. N/A

        ii. "

        iii. "

    (d) the date of each such disposition:

        i. N/A

        ii. "

        iii. "

(e) If known, citations of any written opinions or orders entered pursuant to each such disposition:

i. _N/A_

ii. _"_

iii. _"_

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

(a) I am attacking the method by which my sentence is calculated attempting to receive the proper credit for time spent in pretrial detention.

(b) When an action addresses the execution of sentence by prison officials rather than the validity of a sentence

(c) the 2255 relief is unavailable.

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application:

No

-6-

15. If you answered "yes" to (14), identify

   (a) which grounds have been previously presented:

   i. __N/A__

   ii. __"__

   iii. __"__

   (b) the proceedings in which each ground was raised:

   i. __N/A__

   ii. __"__

   iii. __"__

16. Were you represented by an attorney at any time during the course of

   (a) your arraignment and plea: __YES__

   (b) your trial, if any: __YES (PLEA)__

   (c) your sentencing: __YES__

   (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

   __N/A__

   (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:

   __N/A__

17. If you answered "yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

   i. __Donald J. McCauley (AFPD)__
   __972 Broad Street Newark, NJ 07102__

-7-

    ii. <u>John Yauch (AFPD) 972 Broad Street, Newark, NJ 0710</u>

    iii. _____

(b) the proceedings at which each such attorney represented you:

    i. <u>ARRAIGNMENT</u>

    ii. <u>PLEA AND SENTENCING</u>

    iii. _____

18. If you are seeking leave to proceed in forma pauperis, have you completed the unsworn declaration setting forth the required information (see instructions, page 1 of this form).

Executed at <u>US Penitentiary Allenwood, White Deer, Pennsylvania</u>
                  Name of Institution, city, state

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>28 June 2001</u>
              Date

<u>Dana S. Maye-El</u>
Signature of Petitioner

-8-