MCC:KLM:all/2001V00746

ORIGINAL

FILED
HARRISBURG
AUG 2 7 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA SCOTT MAYE-EL,       :
           Petitioner     :     No. 1:cv-01-1258
                          :
      v.                  :     (Judge Kane)
                          :     (Magistrate Judge Smyser)
JAKE MENDEZ, Warden       :
           Respondent     :


RECORD IN SUPPORT OF RESPONDENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS


MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney

ANITA LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: August 13, 2001

## INDEX

Declaration of Christopher Angelini . . . . . . . . . . . . . . R.1

Pre-sentence Report, p.3 . . . . . . . . . . . . . . . . R.11

Pre-sentence Report, p.10 . . . . . . . . . . . . . . . . R.13

Memorandum of Rine Heyliger-Hosper, New Jersey
    Department of Corrections, dated 6/27/01 . . . . . . . R.15

Letter from Douglas D. Chiesa, Esquire, Deputy
    Executive Director, New Jersey State Parole
    Board, dated August 4, 1994 . . . . . . . . . . . . . R.16

Application for pre-conviction parole revocation,
    dated July 25, 1994 . . . . . . . . . . . . . . . . R.17

Court Order, United States District Court, District
    of New Jersey, case No. 94-443, dated
    September 14, 1994 . . . . . . . . . . . . . . . . . R.21

Judgment in a Criminal Case, United States District
    Court, District of New Jersey, Case No. 94-443,
    dated April 13, 1995 . . . . . . . . . . . . . . . . R.23

Memorandum from R.M. Booher, ISM, FCI Fairton, dated
    September 4, 1997 . . . . . . . . . . . . . . . . . R.28

Memorandum from R.W. Niebrugges, ISM, MCFP
    Springfield, dated March 20, 1998 . . . . . . . . . . R.30

Notice of Sentencing, New Jersey Department of
    Corrections, dated May 30, 1997 . . . . . . . . . . . R.32

Notice of Parole, New Jersey Department of
    Corrections, dated May 2, 2000 . . . . . . . . . . . R.36

Certificate of Parole, dated May 16, 2000 . . . . . . . . . R.37

SENTRY Sentence Monitoring Independent Sentence
    Computation . . . . . . . . . . . . . . . . . . . . R.40

SENTRY Sentence Monitoring Computation Data as
    of August 17, 2001 . . . . . . . . . . . . . . . . . R.42

SENTRY Sentence Monitoring Good Time Data as
    of August 17, 2001 . . . . . . . . . . . . . . . . . R.44

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA SCOTT MAYE-EL,          :      Civil No. 1:CV-01-1258
        Petitioner          :
                            :      (Judge Kane)
        v.                  :
                            :      (Magistrate Judge Smyser)
                            :
JAKE MENDEZ, Warden,        :
        Respondent          :

## DECLARATION OF CHRISTOPHER ANGELINI

I, Christopher M. Angelini do hereby declare as follows:

1.    That I am the Inmate Systems Manager at the United States
      Penitentiary, Allenwood, Pennsylvania, and have been so
      employed since June 3, 2001.  Prior to this position, I was
      assigned as Inmate Systems Manager at F.C.I. Loretto since
      January 1999.  I have been employed by the Federal Bureau of
      Prisons since April 1990.

2.    In this position, I am responsible for the managerial
      oversight of the Inmate Systems Management Department.
      Specifically, I am responsible for computing, auditing, and
      monitoring federal inmate sentences to ensure their accuracy
      consistent with governing statutes, rules, and regulations.

3.    I have reviewed the petition in this matter, filed by the
      Petitioner, inmate Dana Scott Maye, Federal Register Number

1

18118-050, in which the Petitioner alleges that he has not
received jail time credit for the period from February 25,
1994 (the date of his arrest) through October 1, 1994.

4.    The Petitioner was sentenced in the United States District
Court, District of New Jersey on April 12, 1995, to a one
hundred and three (103) month term of imprisonment for
"Possession of a Firearm By a Convicted Felon" in violation
of Title 18, U.S.C., §922(g).  The Petitioner was also
ordered to pay a fifty ($50.00) dollar felony assessment and
he was ordered to complete a three year term of supervision.
Additionally, the Petitioner received jail time credit from
October 2, 1994, through April 11, 1995.

5.    Bureau of Prisons records reveal that the Petitioner arrived
at the United States Penitentiary, Allenwood, Pennsylvania,
on June 28, 2000, and he remains incarcerated there as of
this date.

6.    My review of the Petitioner's records indicates that the
Petitioner committed the offense for his current federal
commitment on February 25, 1994.  Specifically, on that date
the Petitioner was arrested by Port Authority police, Hudson
County, New Jersey, for the following **state offenses**: Armed
Robbery, Possession of a Weapon for Unlawful Purposes,

2

Unlawful Possession of a Weapon, Possession Defaced Firearm, and Possession Prohibited Device.

7. The Petitioner was then placed in the Hudson County Jail, New Jersey. At this time, the State of New Jersey had <u>primary</u> custody over the Petitioner.

8. An one count indictment for the Petitioner's current **federal** offense charges that on or about February 25, 1994, the Petitioner, having been convicted in Superior Court, Jersey City, New Jersey, on December 10, 1992, of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, in violation of Title 18, United States Code, Section 922(g) (Attachments A & B).

9. On March 9, 1994, a bench warrant was issued for the Petitioner's arrest for a violation of **state** parole and he was detained pending the outcome of the state parole violation proceedings, as well as the new charges stemming from his **state** arrest on February 25, 1994 (Attachment C).

10. On September 14, 1994, while awaiting the disposition of the state charges and during the service of the state parole violator term, the Honorable Harold A. Ackerman, United States District Court, District of New Jersey, under

Criminal No.: 94-443 (01), issued an Order transferring the
Petitioner from the custody of Hudson County, New Jersey, to
the custody of the U.S. Marshals Service, Newark, New Jersey
**until further order of the court** (Attachment D).  At that
time, federal authorities assumed <u>secondary</u> custody over the
Petitioner.

11.   Specifically, the sovereign which first arrests an offender
      has <u>primary</u> custody over that offender, unless that
      sovereign relinquishes custody to another sovereign by, for
      example, bail release, dismissal of the state charges,
      parole release, or expiration of the state sentence.

12.   At the time the September 14, 1994, order was issued, the
      Petitioner was serving a state parole violation term with a
      maximum expiration date of October 2, 1994.  The Petitioner
      was therefore in the primary custody of the state until that
      date.  The Petitioner would not have come under primary
      federal custody prior to that date, or an earlier date
      established by state officials for release, until **the state
      charges stemming from the February 25, 1994 arrest were
      either adjudicated, dismissed, etc.**.(Attachments F & G).

13.   On April 12, 1995, the Petitioner, was sentenced by the
      Honorable Harold A. Ackerman, United States District Court,

4

District of New Jersey, to a federal term of imprisonment of
one hundred and three (103) months for the offense of
Possession of a Firearm by a Convicted Felon, in violation
of Title 18, United States Code, Section 922(g), as charged
in Count 1.  Although the Petitioner was still under the
primary custody of the state, the Petitioner was committed
to the United States Penitentiary, Lewisburg, Pennsylvania,
on June 1, 1995, for service of the federal sentence imposed
(Attachment E).  This was in error, since the State of New
Jersey still had primary custody over the Petitioner since
his state charges had not been resolved.

14.    On September 6, 1996, the Petitioner was removed from
       federal custody pursuant to the Interstate Agreement on
       Detainers Act, based upon the Petitioner's request for
       disposition of the state charges stemming from the February
       25, 1994, **state** arrest.

15.    On October 11, 1996, the Petitioner was sentenced under
       Indictment Number 934-7-94, in Hudson County Superior Court,
       Hudson County, New Jersey, to a state term of ten (10) years
       imprisonment.  The term of imprisonment was ordered to run
       concurrent to the Petitioner's present federal sentence and
       any parole violation term.  Furthermore, the Petitioner was
       to receive credit for time spent in custody in the amount of

5

960 days for the following period of time:  **February 25,**
**1994, through October 11, 1996** (Attachment H).

16.    The Petitioner now claims that he did not receive credit
       toward the satisfaction of his state parole violation term,
       from February 25, 1994, through October 2, 1994, therefore,
       pursuant to Title 18, United States Code, Section 3585(b),
       he should be awarded that credit.  The Petitioner is
       mistaken.

17.    It should be noted that there is some confusion regarding
       the Petitioner's final adjusted release date from his state
       parole violation term.  Specifically, Attachment C (which
       was recently received on June 27, 2001), indicates that the
       Petitioner's full term release date was September 28, 1994.
       Other documents received and filed as attachments indicate a
       full term release date of October 2, 1994.  This creates a
       four day difference.

18.    Despite this confusion, the undisputed fact is that the
       Petitioner received credit and served the state parole
       violation term.  Furthermore, the New Jersey State Judgment
       & Commitment Order indicates that an award of credit toward
       the satisfaction of the ten (10) year sentence for a portion
       of the same period of time was made.  It is therefore

**6**

immaterial whether there is a difference of four (4) days
that may not have been applied from September 29, 1994,
through October 2, 1994, to the parole violation term, since
this period of time was also awarded to the Petitioner's ten
(10) year state term.

19.  Title 18, United States Code, Section 3585(b), which
     controls the award of <u>prior</u> custody credit, states, **"A
     defendant shall be given credit toward the service of a term
     of imprisonment for any time he has spent in official
     detention prior to the date the sentence commences—**

          1.   **as a result of the offense for which the sentence
               was imposed; or**

          2.   **as a result of any other charge for which the
               defendant was arrested after the commission of the
               offense for which the sentence was imposed;**

     **that has not been credited against another sentence."**

20.  In this case, the Petitioner received credit for this period
     of time (from February 25, 1994, through October 2, 1994),
     toward the satisfaction of not only one (1), but two (2)

7

state sentences (the parole violator term and the ten [10] year state sentence). Therefore, pursuant to the above mentioned statute, the Bureau of Prisons is precluded from awarding such credit toward the satisfaction of the federal sentence imposed.

21. If the Petitioner had been returned to state authorities at the conclusion of his sentencing on federal charges on April 12, 1995, since they still had primary custody over the Petitioner, the Petitioner would not have been received into federal custody until his parole was granted on the ten (10) year New Jersey state sentence, on May 17, 2000. At that time, the Petitioner would have commenced service of his one hundred and three (103) month federal sentence, with a projected release date of November 8, 2007, with **no prior custody credit,** since it would have been applied towards his state sentence and parole violator term.

22. Instead, since the Petitioner was erroneously placed in federal custody, the Federal Bureau of Prisons exercised its judgment and did not return the Petitioner for placement in state custody due to the age of his case (Attachment I).

23. The Petitioner currently has a projected release date of June 4, 2002, via Good Conduct Time Release, provided the

**8**

Petitioner receives all Good Conduct Time available pursuant to Title 18, United States Code, Section 3624(b) (Attachment J).

24.    Based on the above information, it is clear that the Petitioner's federal sentence has been reviewed for accuracy and is correct in accordance with existing BOP policies and governing laws.

25.    The attached documents referenced in this declaration are true and correct copies of the original documents maintained at the United States Penitentiary Allenwood, Pennsylvania.

Pursuant to Title 28, United States Code, §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_8/24/01_
Date

Christopher M. Angelini
Inmate Systems Manager
United States Penitentiary
Allenwood, Pennsylvania 17887

**9**

**DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN**
Civil Action Number 1:CV-01-1258
MDPA


Declaration of C. Angelini



# ATTACHMENT A

AUG-24-2001 FRI 09:17 AM                    FAX NO.                         P. 03

U.S. DISTRICT COURT                  - 3 -                    DANA S. MAYE

## PART A.   THE OFFENSE

### Charge(s) and Conviction(s)

1.   The one-count Indictment charges that on or about February 25, 1994, at Hudson County, in the District of New Jersey, and elsewhere, **Dana Scott Maye** having been convicted in Superior Court of New Jersey of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely a Stallard Arms Model JS-9, 9mm pistol, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g).

2.   On December 16, 1994, Dana Scott Maye entered a plea of guilty to the One Count Indictment, before the Honorable Harold A. Ackerman, in the District of New Jersey.

### Status of Codefendants

3.   There are no codefendants in this case.

### Related Cases

4.   There are no related cases.

### Plea Agreement Information

5.   Pursuant to the written plea agreement dated October 26, 1994 the U.S. Attorney's Office and the defendant have agreed to the following stipulations, which are non-binding upon this Court:

   1)   The sentencing guideline applicable to Dana Scott Maye is § 2K2.1(a)(2).

   2)   The firearm that Dana Scott Maye possessed had an altered or obliterated serial number.

   3)   Dana Scott Maye did not use or possess the firearm in connection with another felony.

   4)   Dana Scott Maye has clearly demonstrated, as of the date of this agreement, a recognition and affirmative acceptance of responsibility for the offense charged. Dana Scott Maye also has assisted authorities in the investigation and prosecution of his own misconduct by timely providing complete information to the government concerning his own involvement in the offense and timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparation for trial and permitting the court to allocate its resources efficiently. Accordingly, a three-point reduction of the offense level is appropriate if his acceptance of responsibility continues until the date of sentencing. See U.S.S.G. § 3E1.1.

**11**

<u>**DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN**</u>
**Civil Action Number 1:CV-01-1258**
**MDPA**


**Declaration of C. Angelini**


# ATTACHMENT  B

U.S. DISTRICT COURT                    - 10 -                    DANA S. MAYE

51.   The Jersey City Police observed Dana Maye run a red light and drive erratically east on
      Communipaw Avenue in Jersey City. The police activated their overhead lights and siren.
      The defendant continued to drive at a high rate of speed until he stopped the vehicle,
      exited and fled on foot. Maye was later apprehended by the police and found to have 5
      empty vials of cocaine in his possession.

| 52. | 06/17/92 (age 28) | Terroristic Threats, Hudson County Superior Court, Jersey City, New Jersey (Ind.#1563-08-92) | 12/10/92: 3 years N.J.S.P. to run concurrent to parole violation imposed on 08/19/92 (Acc. 278-90), $600 fine; parole date: 06/22/93 max. date: 10/02/94 parole revoked: 08/08/94 | 4A1.1(a) | 3 |

53.   The details concerning this offense are unavailable. According to the defendant, the
      above noted offense involved a domestic dispute between himself and his wife, Debra
      Scott, in which both parties filed charges against each other.

Parole Adjustment

54.   According to Hudson County Parole records, the defendant was placed on parole
      supervision on June 22, 1993, with a maximum expiration date of October 2, 1994.
      While on parole supervision, the defendant was arrested on the instant offense (February
      25, 1994). Due to the defendant's non-compliance on supervision, a bench warrant was
      issued for his arrest on March 9, 1994. Since the defendant was viewed as a potential
      danger to the community, his parole was revoked on August 8, 1994. The defendant's
      parole was closed out "unsatisfactory" on October 2, 1994.

Criminal History Computation

55.   At the time the instant offense was committed, the defendant was on parole in Hudson
      County since June 22, 1993 on Ind. #1563-08-92. Reportedly, he was terminated from
      parole supervision on October 2, 1994. Pursuant to U.S.S.G. § 4A1.1(d), two points are
      added.

56.   The instant offense was committed less than two years following the defendant's release
      from custody on Ind. #1563-08-92 for the sentence of Terroristic Threats. Pursuant to
      U.S.S.G. § 4A1.1(e), one point is added.

57.   The total of the criminal history points is 23. According to the sentencing table at
      U.S.S.G. Chapter 5, Part A, 23 criminal history points establish a criminal history
      category of VI.

<u>**DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN**</u>
**Civil Action Number 1:CV-01-1258**
**MDPA**

**Declaration of C. Angelini**

# ATTACHMENT C

**State of New Jersey**

DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

DONALD T. DIFRANCESCO
*Acting Governor*

SUSAN L. MAURER
*Acting Commissioner*

## *MEMORANDUM*

TO: Chris Angelini

FROM: Rwa Heyliger-Hooper

DATE: 6/27/01

SUBJECT: Dana Maye

Mr. Maye was returned as a parole violator 3/23/94. He maxed out on 9/28/94. If I can be of further assistance, you may contact me at (201) 795-8811.

Sincerely
Rwa Heyliger-Hoo

15

AUG-24-2001 FRI 09:18 AM    parole          x:2017958827          FAX NO.          Jun 27    01  12:26    P.03                    P. 08



### State of New Jersey
## NEW JERSEY STATE PAROLE BOARD
CN 862
TRENTON, NEW JERSEY 08825
TELEPHONE NUMBER: (609) 292-4257

MARY KEATING D:SABATO
CHAIRMAN

August 4, 1994

Robert F. Butler
Assistant Prosecutor
Office of the Prosecutor
County of Hudson
595 Newark Avenue
Jersey City, NJ 07306

RE: Dara Maye, PN 249845/YN 108282

Dear Mr. Butler:

In reference to your letter application of July 25, 1994 please be advised that the New Jersey State Parole Board has made the determination that the parole revocation process be implemented in the case of Dara Maye, PN 249845/YN 108282. Your office will be advised of any scheduled preliminary or final parole revocation hearing prior to said proceedings.

Please note that in order for a Probable Cause Hearing Officer to find probable cause that a condition of parole has been violated, it may be necessary for your office to produce a witness (es) at the Probable Cause Hearing in regard to the pending criminal charge (s). If a witness (es) needs to be produced, the person (s) will be subject to the direct examination of the Probable Cause Hearing Officer, Dara Maye, PN 249845/YN 108282 and/or counsel. The New Jersey Bureau of Parole will of course advise your office of the time, date, and location of the Probable Cause Hearing.

If there are any questions, please contact my office.

Very truly yours,

Douglas D. Chiesa, Esq.
Deputy Executive Director

DDC/cg
c:    Ms. Johnson, DPS, DO #4
       CPB
       SPB



# OFFICE OF THE HUDSON COUNTY PROSECUTOR
### 595 NEWARK AVENUE
### JERSEY CITY, NEW JERSEY 07306

**CARMEN MESSANO**
PROSECUTOR

TELEPHONE: (201) 795-6
FAX: (201) 795-3355

**EDWARD J. DE FAZIO**
FIRST ASSISTANT PROSECUTOR

July 25, 1994

Honorable Mary Keating DiSabato
Chairperson, New Jersey State Parole Board
CN 862
Trenton, New Jersey 08625

Re:  Dana Maye
     APPLICATION FOR PRE-CONVICTION PAROLE REVOCATION
     INDICTMENT NO. 0934-07-94
     PROSECUTOR'S FILE NO. 94-581
     PN# 249845

Dear Chairperson DiSabato:

Pursuant to N.J.S.A. 30:4-123.60(b), I hereby request that the current parole status of the above named parolee be revoked, and that he be returned to your custody as a serious or persistent parole violator who poses a danger to public safety.

This office requests advance notification of all revocation proceedings. Further, the Hudson County Prosecutor's Office requests leave to appear and present material and/or evidence in support of its position at all stages of revocation proceedings. This office requests prior notification of the names of all witnesses intended to be called at any revocation proceeding.

**17**

## I.    PAROLE BACKGROUND

Name:      Dana Maye

D.O.B.:    April 5, 1965

S.S.#:     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

### RELEASE STATUS:

LAST COMMITMENT:        December 10, 1992

LAST PAROLE:            June 22, 1993

MAXIMUM DATE:           October 2, 1994

BAIL STATUS:            Committed to Hudson County Jail
                        in lieu of bail.

GRAND JURY:            On June 27, 1994, the Hudson
County Grand Jurors returned Indictment No. 0934-07-94
for Possession Prohibited Device, Possession Defaced
Firearm, Unlawful Possession Weapon, Possession Weapon
Unlawful Purpose and Armed Robbery.

## II.   SERIOUS/PERSISTENT NATURE OF PAROLE VIOLATION

On February 25, 1994, the Parolee was arrested by
Port Authority Police for robbing a victim of a gold
chain at gun-point. Police recovered the gun with defaced
serial numbers from the parolee's possession.

### POLICE REPORTS AND DISCOVERY ATTACHED

The Hudson County Prosecutor alleges that the
parolee violated the statutory condition of parole to
conduct himself in compliance with all laws and to
refrain from committing a crime.

## III. DANGEROUS TO PUBLIC SAFETY

The Hudson County Prosecutor alleges that the parolee represents a threat to the community because of his proclivity to engage in anti-social behavior evidenced by both his prior convictions and the present charges.

The Parolee's unlawful conduct will continue in the future because his prior incarceration has not served to deter it.

### CONCLUSION

The Hudson County Prosecutor therefore requests that a warrant for detention of Dana Maye on violation of parole be issued to the Hudson County Sheriff, the Warden of the Hudson County Jail and all appropriate law enforcement officials, and that the parole status of the aforesaid parolee be revoked according to the statutes and regulations governing this matter.

Respectfully,

CARMEN MESSANO
Hudson County Prosecutor

By:

ROBERT F. BUTLER
Assistant Prosecutor

RFB:11
Enclosure
cc: Signe Johnson, District Parole Supervisor

3

19

**DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN**
**Civil Action Number 1:CV-01-1258**
**MDPA**


**Declaration of C. Angelini**




# ATTACHMENT  D

Certified as a true copy on
This Date  9-15-94
By  I. I. Frost
{  } Clerk
{ ✓} Deputy

ORIG.
**FILED**

SEP 1 4 1994

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

AT 8:30 .............. M
WILLIAM T. WALSH
CLERK

UNITED STATES OF AMERICA

V.                                      CR NO. 94-443 (01)

DANA SCOTT MAYE

O R D E R

IT IS on this 14th day of September, 1994, hereby
ORDERED, that the above-named defendant be transferred from
the custody of Hudson County, NJ to the custody of the
U.S. MARSHAL SERVICE, Newark, NJ until further order of
this court.

HON. HAROLD A. ACKERMAN

10-20-94    3RN

1/m has not been
ordered to return
to the custody
of Hudson co. N
Federal commitme
order remands
to custody of
USM service.

USP LEWISBURG
DOCUMENT VERIFIED BY: [signature]
DATE: 6-9-95
VERIFIED WITH: J. Nelson
AGENCY: clerk U.S.D.C Newark NJ
PHONE NUMBER: 201-645-6528

spanin of Lsm, Lewisburg
since Judge ordered custody
to be transferred to the usm
                                                                21

<u>DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN</u>
Civil Action Number 1:CV-01-1258
MDPA


Declaration of C. Angelini


# ATTACHMENT E

AUG-24-2001 FRI 09:22 AM                    FAX NO.                    P. 15

ORIGINAL FILED
APR 1 3 1995
WILLIAM T. WALSH, CLERK

Certified as a true copy on
This Date: 4/13/95
By _____
Clerk
Deputy

# United States District Court

District of __NEW JERSEY__

UNITED STATES OF AMERICA

V.

**DANA SCOTT MAYE**
/8118-05 0
(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   94-443 (01)

__John Yauch, AFPD__
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s) __One__
☐ was found guilty on count(s) _____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:922(g) | Possession of firearm by convicted felon | 2/25/94 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __50.00__ , for count(s)
__One__ , which shall be due ☒ immediately  ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __04-05-65__

Defendant's Mailing Address:

__148 Ridgewood Avenue__
__Brooklyn, NY  11208__

Defendant's Residence Address:

__Same as above.__

__April 12, 1995__
Date of Imposition of Sentence

_____
Signature of Judicial Officer

HON. HAROLD A. ACKERMAN
Name & Title of Judicial Officer

__4/13/95__
Date

23

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: Dana Scott Maye                    Judgment—Page  2   of  4
Case Number: 94-443 (01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  103 months on Count 1

*18/18-05*

☒ The court makes the following recommendations to the Bureau of Prisons:   that the defendant be confined in the New York/New Jersey area and be placed in a drug treatment program.

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
    ☐ at _____ a.m.
        p.m. on _____
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  6/1/95  to  USP Lewisburg                    at
_Lewisburg, PA_                        , with a certified copy of this judgment.

_____  J. D. Lamer                    24
                 United States Marshal

By _____ R. Kendall, A.I.S.M.
                   Deputy Marshal

AUG-24-2001 FRI 09:23 AM                           FAX NO.                              P. 17

AO 245 S (Rev. 4/90) Sheet 3 - Supervised...

Defendant: **Dana Scott Maye**                              Judgment—Page __3__ of __4__
Case Number: **94-443 (01)**          **SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

**three years.**

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☒ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☒ The defendant shall not possess a firearm or destructive device.

```
The defendant shall refrain from the illegal possession and/or
use of drugs and shall submit to urinalysis or other forms
of testing to assure compliance.  The defendant shall submit
to drug treatment on an outpatient or inpatient basis, if
directed by the U.S. Probation Office.  The defendant shall
abide by the rules of any program and shall remain in treatment
until satisfactorily discharged with the approval of the U.S.
Probation Office.
```

**STANDARD CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

J. D. LAMER    **25**

AUG-24-2001 FRI 09:23 AM                          FAX NO.                          P. 18

AO 245 S (Rev. 4/90) Sheet 7 - Statement of R

Defendant:   **Dana Scott Maye**                          Judgment—Page ___4___ of ___4___
Case Number:   **94-443 (01)**

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: ___23___

Criminal History Category ___VI___

Imprisonment Range: ___92___ to ___115___ months

Supervised Release Range: ___2___ to ___3___ years

Fine Range: $ ___10,000.___ to $ ___100,000.___

  ☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____

  ☐ Full restitution is not ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

  ☐ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following reason(s):

J. B. LAMER          26

<u>DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN</u>
Civil Action Number 1:CV-01-1258
MDPA


Declaration of C. Angelini


# ATTACHMENT F

AUG-24-2001 FRI 09:24 AM    FAX NO.    P. 20



**U.S. Department of Justice**
Federal Bureau of Prisons
Federal Correctional Institution

MEMORANDUM                              *Fairton, New Jersey 08320*

                                        September 4, 1997

REPLY TO THE
ATTENTION OF: R.M. Booher, ISM

SUBJECT: **MAYE, Dana Scott**
          **Reg. No. 18118-050**

TO:     T. Y. Butt, RISA

The above inmate recently arrived at FCI Fairton as a transfer. A transfer audit was done, and there m___
be a jurisdiction issue.

On September 14, 1994, an Order was completed to writ the inmate from Hudson County, New Jersey
to federal custody for purposes of his federal trial. He had been in Hudson County since February 25,
1994. Hudson County arrested him for new criminal charges, and was later found in Violation of his
state parole. On March 9, 1994, Hudson County revoked his parole, and began serving the violator te__
They offered him bail on the new criminal charges, however, he never posted it. When the Marshals
writted him to federal custody, he was serving his parole violation, but still had the other charges
outstanding. His state parole violation ended on October 2, 1994. There is a notation on the USM-129
that Judge Ackerman remanded him into federal custody on October 20, 1994. On April 12, 1995, he
received his a 103 month "silent" sentence in federal court. At this time, they requested designation, a__
he went to Lewisburg. Notes on the September 14, 1994, writ show that it is the opinion of the ISM t__
the wording of the federal order transfers primary custody. This office disagrees with this opinion.

To further complicate matters, inmate Maye went IAD to New Jersey on September 6, 1996. He
received a ten-year sentence concurrent to his original parole violation, and the federal sentence.

Attached are all documents to assist you in reviewing this case. Please advise what actions need to be
taken. Please call if there are any other documents that you will need. Thank you for your assistance.

<u>**DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN**</u>
**Civil Action Number 1:CV-01-1258**
**MDPA**


**Declaration of C. Angelini**


# ATTACHMENT G



**UNITED STATES GOVERNMENT**
# MEMORANDUM
**MCFP, SPRINGFIELD MO**

**DATE:** March 20, 1998

**REPLY TO**
**ATTN OF:** R. W. Niebrugge
Inmate Systems Manager

**SUBJECT:** Primary Custody - Award of Prior Custody Credit
MAYE, Dana Scott    Reg. No. 18118-050

**TO:** Judgment & Commitment File

This memorandum has been written in response to the correspondence from ISM Fairton to the
NERO RISA, dated September 4, 1997, concerning inmate MAYE's placement in federal custody
and award of prior custody credit. It is my opinion and that of the NCRO RISA that too much
time has expired to pursue MAYE's placement in state custody. The court order issued by Judge
Ackerman September 14, 1994, remanding MAYE from state to federal custody, further confuses
the issue. Had this issue been addressed when inmate MAYE arrived at his first designated
federal facility it is possible that he could have been returned to New Jersey custody. However, at
this point in time it is not feasible to reverse the previous award of prior custody credit or attempt
to place MAYE in state custody.

<u>DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN</u>
Civil Action Number 1:CV-01-1258
MDPA

**Declaration of C. Angelini**

# ATTACHMENT  H

Case 1:01-cv-01258-YK    Document 9    Filed 08/27/2001    Page 31 of 47



**State of New Jersey**
DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
CN 863
TRENTON NJ 08625-0863

CHRISTINE TODD WHITMAN
*Governor*

WILLIAM H. FAUVER
*Commissioner*

**May 30, 1997**

arden/Superintendent
SP- Lewisburg
O Box 1000
ewisburg, PA 17837

RE: Maye, Dana Scott
#18118-050

o Whom It May Concern:

The above listed individual has been sentenced in a New Jersey County
uperior Court to a total term of **ten (10) years, 3 1/3 years mandatory minimum.**

The following sentencing information is provided to you in the event
hat this individual is scheduled for release prior to the maximum expiration
ate of the New Jersey sentence:

| ATE OF SENTENCE | COUNTY SUPERIOR COURT | COUNTY INDICTMENT NO. | COUNTY SHERIFF'S DEPT. |
|---|---|---|---|
| 10/11/96 | Hudson County | 934-7-94 | (201) 795-6400 |

**\*\*Please lodge our Judgement as a commitment detainer.\*\*\***

The New Jersey sentence should be served concurrent to the sentence he is now
erving in your facility. With all allowances, the maximum expiration of the New
ersey sentence is **April 15, 2002.**

Please advise the above listed County Sheriff's Department (s) at least
hirty (30) days prior to the release so that transportation/custody can be
rranged. Thank you for your cooperation in this matter.

Very truly yours,

Deputy Compact Administrator
Office of Interstate Services

BY: Donna Sweeney Elrose
Donna Sweeney-Elrose
Classification Officer III
Fugitive Detainer Unit

SE:klc
c/M. Gresavage, SPB w/attachments
S. Hatrak, GSRC
Hudson County Sheriff's Office
Hudson County Prosecutor's Office
Mr. H. Pierre, CICS w/attachments
File

**32**

AUG-24-2001 FRI 09:25 AM                    FAX NO.                      P. 25

State of New Jersey v. **Dana S. Mave**          S.B.I # **461216B**    INC ACC # **934-7-94**

Total FINE  $ _____

Total RESTITUTION  $ _____

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1)  A mandatory Drug Enforcement and Demand Reduction (D E D R) penalty is imposed for each count. (Write in # times for each.)

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C 43-3 1 (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

____ 1st Degree  @ $3000        ____ 4th Degree  @ $750
____ 2nd Degree  @ $2000        ____ Disorderly Persons or Petty
____ 3rd Degree  @ $1000        ____ Disorderly Persons  @ $500

Total D.E.D.R. Penalty  $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

Assessment imposed on

count(s)  _____1_____

is $  _100_  each.

2)  A forensic laboratory fee of $50 per offense is ORDERED.  ____ Offenses @ $50

Total Lab Fee  $ _____

3)  Name of Drugs involved  _____

Total VCCB Assessment  $  _100_

4)  A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today  _____ and end _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning  thru parole
            CFD

Driver's License Number  _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address  _____

Eye Color _____  Sex _____  Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction. _____  Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1993, c. 168)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220  $75

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

NAME (Court or Person preparing this form)     TELEPHONE NUMBER     NAME (Attorney for Defendant at Sentencing)

P. Moseley, Sec., J. Kavanaugh, Clerk 795-6630  M. Murphy, Esq.

STATEMENT OF REASONS                           Prosecutor: B. Butler by Keds

agg. fac:  3, 6, 9
mit. fac:  none

**33**

JUDGE (initial)          JUDGE (Signature)                           DATE

pros. File # 94-581                        Steno:      tape 58-96

| **State of New Jersey** | **New Jersey Superior Court** |
| | **Law Division - Criminal** |

v.

5457

MALE
II

DEFENDANT
(Specify Complete Name)  Dana S. Maye

DATE OF BIRTH  4/5/65

SBI NUMBER  461216B

DATE OF ARREST  2/25/94

DATE (INDICTMENT)/
ACCUSATION FILED  7/7/94

DATE OF
ORIGINAL PLEA  9/12/96

ORIGINAL PLEA  ☐ NOT GUILTY   ☐ GUILTY

- ☒ JUDGMENT OF CONVICTION
- ☐ CHANGE OF JUDGMENT
- ☐ ORDER FOR COMMITMENT
- ☐ INDICTMENT / ACCUSATION DISMISSED
- ☐ JUDGMENT OF ACQUITTAL

ADJUDICATION BY

☐ GUILTY PLEA   DATE:        ☐ NON-JURY TRIAL   DATE:

☐ JURY TRIAL   DATE:        ☐ Dismissed/Acquitted   DATE:

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 934-7-94 | 1 | armed robbery | | 2C:15-1 |
| | 2 | P. Wpn. Unl. purp. | | 2C:39-4a |
| | 3 | Unl. P. Wpn. | | 2C:39-5b |
| | 4 | P. Defaced firearm | | 2C:39-3d |
| | 5 | P. Proh. device | | 2C:39-3f |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1 | armed robbery   (GRAVES CASE) | | 2C:15-1 |

It is, therefore, on __10-11-96__   ORDERED and ADJUDGED that the defendant is sentenced as follows:

   N.J. Dept. of Corr. for a period of ten yrs., parole ineligibility
of three 1/3 years, conc. to present sentence and any parole violation.
He has been advised of his right to appeal.

dism:  2, 3, 4, 5

☒  It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|---|
| ☒ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | 960 | 2/25/94 |
| | | | 10-11-96 |
| ☐ | Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term _____   Institution _____   Total Probation Term _____

**<u>DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN</u>**
Civil Action Number 1:CV-01-1258
MDPA

**Declaration of C. Angelini**

# ATTACHMENT  I

AUG-24-2001 FRI 09:26 AM                    FAX NO.                        P. 28



## State of New Jersey
### DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

May 2, 2000

CHRISTINE TODD WHITMAN
*Governor*

JACK TERHUNE
*Commissioner*

Inmate Systems Manager
FCI – Fairton
PO Box 280
Fairton, NJ 08320

NAME: Dana MAYE
AKA:
O/S#: 18118-050    NJ: #285809
DOB: 4/5/65    POB: Jersey City
SBI: 461216B    FBI: 981843HA4
IND: 94-07-0934
NJ COUNTY: Hudson  SSN: 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
PAROLE DATE: 05/17/2000

Dear Inmate Systems Manager:

The New Jersey Parole Board has granted the above named inmate of your institution an inabsentia parole on t
sentence reflected on the Hudson County Commitment Detainer in your possession.

Please have Mr. Maye sign the enclosed Parole Certificates and Office of Services Inabsentia Parole Agreeme
Forms. All forms must be properly witnessed and dated.

Mr. Maye is to keep one (1) copy of the Parole Certificate and Inabsentia Parole Agreement Form. Five (5) copies
both documents should be return to this office.

You may withdraw and return the Hudson County, NJ Commitment Detainer on the date the Parole Certific
becomes effective.

Since this individual will be responsible to us for a period of parole supervision until 04/15/2002, we wo
appreciate being advised of his release from custody.

We thank you for your anticipated cooperation in this matter.

Very truly yours,

JACK TERHUNE
COMMISSIONER

*Donna Sweeney Elrose*

Donna Sweeney-Elrose
Classification Officer III
Office of Interstate Services

c/County Prosecutor, Hudson
 County Sheriff, Hudson
 E. Ditullo, SPB
 Hank Pierre, CICS
 Revenue
 File
 DO#4
 D/R  6/17/2000

36

AUG-24-2001 FRI 09:26 AM                                      FAX NO.                                      P. 29

# State of New Jersey
## STATE PAROLE BOARD



# Certificate of Parole

Page 1 of 2

The State Parole Board, by virtue of the authority conferred upon it by the provisions of P.L. 1979, c.441 (C.30:4-123.45, et seq.) and under the rules and regulations promulgated pursuant thereto, does hereby grant a parole to **MAYE, Dana Scott** **FED. REG. #18118-050 SBI #461216B**, who was convicted of the crime(s) and sentenced as indicated below:

| Date of Sentence and Offense | County and Term | Relation and Assessment(s) |
|---|---|---|
| **OCTOBER 11, 1996** **ARMED ROBBERY** | **HUDSON** **10YRS.(3YRS.4MOS.MAN.MIN.)** | |

**TOTAL TERM: 10YRS.(3YRS.4MOS.MAN.MIN.)**

Said Inmate is now confined in the **FEDERAL CORRECTIONAL INSTITUTION - FAIRTON - FAIRTON, NJ** by virtue of the sentence(s) imposed for the said conviction of the crime(s) aforesaid. This parole is applicable solely to said aforesaid sentence(s) and to no other, limited by and subject to the conditions annexed hereto and made a part hereof, and is effective on **NO EARLIER THAN MAY 17, 2000** or as soon thereafter as a suitable parole plan has been approved by the State Parole Board, and upon the further condition that the said inmate accepts the conditions contained herein and annexed hereto, as evidenced by his/her signature affixed hereto and to a copy hereof retained as a part of the record of the parolee.

This parole is subject to revocation for violation of the conditions annexed hereto and forming a part hereof.

IN TESTIMONY WHEREOF, I have hereunto set my hand, and caused our Seal to be affixed this TWELFTH day of APRIL in the year of our Lord two thousand.

STATE PAROLE BOARD

Certifying Member(s): RACHEL T. CHOWANIEC          DOMINIC PORROVECCHIO

## GENERAL CONDITIONS OF PAROLE:

From the date of your release on parole until the expiration of your maximum sentence(s) or until you are discharged from parole, you shall continue to be under the supervision of the Division of Parole. A warrant for your arrest may be filed and this parole may be revoked for serious or persistent violations of the conditions of parole. You shall not be credited for time served on parole from the date a parole warrant is issued for your arrest if you are in violation of parole to the date that you are arrested and placed in confinement for violation of parole.

1.  You are required to obey all laws and ordinances.
2.  You are to report in person to your District Parole Supervisor or his/her designated representative immediately after you are released on parole from the institution, unless you have been given other written instructions by the institutional parole office, and you are to report thereafter as instructed by the District Parole Supervisor or his or her designated representative.
3.  You are to notify your Parole Officer immediately after any arrest, immediately after being served with or receiving a complaint or summons and after accepting any pre-trial release, including bail.
4.  You are to immediately notify your parole officer upon the issuance by the appropriate court, pursuant to the Prevention of Domestic Violence Act N.J.S.A. 2C:25-17 et seq., of an order granting emergency relief, a temporary or final restraining order or an order establishing conditions of release or bail in a criminal matter or offense arising out of a domestic violence situation. You are to comply with any condition

Witness                                              Dated  5-16        20 00

_J. Piccone_                                         _Dana S. Maye_
                                                     Signature

37

AUG-24-2001 FRI 09:28 AM                    FAX NO.                              P. 30



**State of New Jersey**
**STATE PAROLE BOARD**
MAYE, Dana Scott FED. REG. # 18118-050  SBI#

**Certificate of Parole**

Page 2 of 2

established within the respective order until the order is dissolved by the appropriate court or until a condition is modified or discharged by the appropriate court.

5. You are to obtain approval of your Parole Officer:
   a.  For any change in your residence or employment location.
   b.  Before leaving the state of your approved residence.

6. You are required not to own or possess any firearm, as defined in N.J.S.2C:39-1f, for any purpose.

7. You are required not to own or possess any weapon enumerated in N.J.S.2C:39-1r.

8. You are required to refrain from the use, possession or distribution of a controlled dangerous substance, controlled substance analog or imitation controlled dangerous substance as defined in N.J.S.2C:35-2 and N.J.S.2C:35-11.

9. You are required to make payment to the Division of Parole of any assessment, fine, restitution, D.E.D.R. penalty and Lab Fee imposed by the sentencing court and/or the New Jersey State Parole Board.

10. You are to register with the appropriate law enforcement agency and, upon a change of address, re-register with the appropriate law enforcement agency if you are subject to the provisions of N.J.S.A. 2C:7-2.

11. You are to refrain from behavior which results in the issuance of a final restraining order pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 et. seq.

12. You are to waive extradition to the state of New Jersey from any jurisdiction in which you are apprehended and detained for violation of this parole status and you are not to contest any effort by any jurisdiction to return you to the state of New Jersey.

Total Restitution:

<u>SPECIAL CONDITION(S):</u>

You will be paroled to your FEDERAL COMMITMENT detainer(s) ONLY, initially, thence upon resolution of said detainer(s) you will be released to a parole plan acceptable to the New Jersey State Parole Board with the following Special Conditions:

_____

Special conditions of parole may be imposed and/or discharged pursuant to N.J.A.C.10A:71-6.6.

In consideration of the action of the State Parole Board in paroling me, I hereby accept this parole and I hereby agree to be bound by the foregoing conditions. Any serious or persistent violation of the conditions herein shall be sufficient cause for revocation of my parole.

rmw

Witness                                              Dated  5-16     20 00

_____                              _____
                                                     Signature  Dana S. Maye-El

38

AUG-24-2001 FRI 09:30 AM            FAX NO.                    P. 31

_en leneritra_            INITIAL ~~HEARING~~ _1-17-11_

## NEW JERSEY STATE PAROLE BOARD - NOTICE OF PAROLE RELEASE

FED CORR INST

NAME: MAYE, DANA Scott    SBI NO.: 461,216 B    INST.: FAIRTON NJ

Pursuant to the provisions of P.L. 1979, c. 441 (N.J.S.A. 30:4-123.45 **et seq.**) parole release has been approved effective:

( ) _____
    (This date is not subject to any further reductions.)

(✓) (No Earlier Than)*    _5-17-00 to FEDERAL Commitment Only_
    *The parole release date is based on a projected credit earning pattern as determined by the Department
    Corrections. If you fail to actually **earn** the projected credits your release on parole will be deferred; your pa
    eligibility date recalculated; and a new release date established.

Your parole release is conditioned on continued acceptable conduct and is subject to the approval of a parole p
The following special conditions of parole (as indicated) will apply in your case:

( ) Restitution _____

( ) VCCB Penalty - Must pay prior to release _____

( ) Random urine monitoring _____

( ) Random alcohol monitoring _____

( ) Outpatient drug / alcohol counseling _____

( ) Narcotics Anonymous / Alcoholics Anonymous with community sponsor _____ times per w

( ) No alcohol use while on parole

( ) No contact, verbal, written or through a third party with the victim(s) of the offense(s) un
    contact is authorized by the assigned parole officer.

( ) No contact with any and all co-defendant(s)

( ) Mental health counseling _____

( ) Intensive supervision for: _____ months / duration of parole status

( ) Attempt to gain and maintain steady employment. If not working participate in vocati
    training / educational program.

( ) Curfew to be imposed by District Parole Supervisor

( ) Curfew for first _____ months / duration of parole status between hours of _____ and _

( ) Alternative Sanctions Program (ASP) and/or ( ) Day Reporting Center (DRC). Conditions o
    program are deemed special conditions of parole.

( ) Employer Notification. Notify employer or intended employer of parole status and criminal record.

( ) Out of State parole plan only _____

( ) Other: _____

CERTIFIED BY _____
            Member(s), State Parole Board

paralere.reg (revised 10/1/99)    _TELECONFERENCE_    DATE: _4/__

39

```
   ALPDS          *         SENTENCE MONITORING              *     08-17-2001
PAGE 001 OF 001 *  INDEPENDENT SENTENCE COMPUTATION - SRA   *     13:36:19

SENTENCE PROCEDURE: 0080 3559 SRA SENTENCE
TERM IN EFFECT....: Y:      M: 103 D:                DCB......: 05-17-2000
TIE CONVERTED.....: Y: 8    M: 7   D:                DOB......:

PROJ GCT TO AWARD.: 378    ANNUAL AND 26 PRORATED = 404    TOTAL
DISALLOW / FORFEIT:        ANNUAL AND    PRORATED
FINAL GCT AWARDED.: 378    ANNUAL AND 26 PRORATED = 404    TOTAL
PRORATE GCT FROM..: 05-17-2007 THRU: 11-08-2007

JAIL CREDIT FROM..:             THRU:
            FROM..:             THRU:                JC DAYS..:
INOP TIME   FROM..:             THRU:                INOP DAYS:

GED  UNSAT  FROM..:             THRU:
            FROM..:             THRU:

PROJECTED SRD.....: 11-08-2007
6 MONTH/ 10% DATE.: 05-08-2007
EFT..............: 12-16-2008                        HARDCOPY.: N

G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIR
```

<u>**DANA SCOTT MAYE-EL V. JAKE MENDEZ, WARDEN**</u>
**Civil Action Number 1:CV-01-1258**
**MDPA**


**Declaration of C. Angelini**


# ATTACHMENT J

AUG-24-2001 FRI 09:31 AM                    FAX NO.                         P. 34

```
   ALPDS   540*23 *            SENTENCE MONITORING         *      08-17-2001
PAGE 001          *            COMPUTATION DATA            *      12:38:20
                               AS OF 08-17-2001
```

REGNO..: 18118-050 NAME: MAYE, DANA SCOTT


```
FBI NO...........: 981843HA4           DATE OF BIRTH: 04-05-1965
ARS1.............: ALP/A-DES
UNIT.............: I                    QUARTERS......: A01-130L
DETAINERS........: NO                   NOTIFICATIONS: YES
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-04-2002 VIA GCT REL

REMARKS........: NOTIFY NEW JERSEY DEPT. OF CORRECTIONS - DIVISION OF PAROLE
                 ON PAROLE W/THEM UNTIL 04-15-2002

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------


```
COURT OF JURISDICTION...........: NEW JERSEY
DOCKET NUMBER...................: 94-443 (01)
JUDGE...........................: ACKERMAN
DATE SENTENCED/PROBATION IMPOSED: 04-12-1995
DATE COMMITTED..................: 06-01-1995
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $50.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00
```

----------------------CURRENT OBLIGATION NO: 010 ----------------------

OFFENSE CODE....: 137
OFF/CHG: 18 USC 922(G) POSSESSION OF FIREARM BY CONVICTED FELON

```
  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  103 MONTHS
  TERM OF SUPERVISION............:   3 YEARS
  DATE OF OFFENSE................: 02-25-1994
```

G0002        MORE PAGES TO FOLLOW . . .

42

```
   ALPDS   540*23 *        SENTENCE MONITORING        *     08-17-2001
PAGE 002 OF 002 *         COMPUTATION DATA            *     12:38:20
                            AS OF 08-17-2001

REGNO..: 18118-050 NAME: MAYE, DANA SCOTT


-----------------------CURRENT COMPUTATION NO: 010 -----------------------


COMPUTATION 010 WAS LAST UPDATED ON 03-13-2001 AT ALP AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-12-1995
TOTAL TERM IN EFFECT............:    103 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      8 YEARS        7 MONTHS

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    10-02-1994     04-11-1995

TOTAL PRIOR CREDIT TIME.........: 192
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 333
TOTAL GCT AWARDED...............: 243
STATUTORY RELEASE DATE (CURRENT): 09-02-2002
SIX MONTH /10% DATE.............: 12-04-2001
EXPIRATION FULL TERM DATE.......: 05-03-2003


PROJECTED SATISFACTION DATE.....: 06-04-2002
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

43

AUG-24-2001 FRI 09:31 AM          FAX NO.                    P. 36

```
ALPDS  542*22 *           SENTENCE MONITORING         *     08-17-2001
PAGE 001 OF 001 *          GOOD TIME DATA             *     12:39:01
                          AS OF  08-17-2001

REGNO...: 18118-050    NAME: MAYE, DANA SCOTT
ARS 1...: ALP A-DES                              SRA
COMPUTATION NUMBER..: 010            FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 03-13-2001     FACL..: ALP      CALC: AUTOMATIC
UNIT................: I              QUARTERS............: A01-130L
DATE COMP BEGINS....: 04-12-1995     COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 192            TOTAL INOP TIME.....: 0
CURRENT REL DT......: 09-02-2002 MON EXPIRES FULL TERM DT: 05-03-2003
PROJ SATISFACT DT...: 06-04-2002 TUE PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                ACTUAL SATISF METHOD:
DAYS REMAINING......:                FINAL PUBLC LAW DAYS:
```

----------------------------GOOD CONDUCT TIME AMOUNTS----------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 10-03-1994 | 10-02-1995 | 54 | 0 | | | 54 | 10-17-1995 |
| 10-03-1995 | 10-02-1996 | 54 | 0 | 27 | | 27 | 10-17-1996 |
| 10-03-1996 | 10-02-1997 | 54 | 0 | | | 54 | 10-17-1997 |
| 10-03-1997 | 10-02-1998 | 54 | 0 | | | 54 | 10-17-1998 |
| 10-03-1998 | 10-02-1999 | 54 | 0 | | | 54 | 10-17-1999 |
| 10-03-1999 | 10-02-2000 | 54 | 0 | 107 | | 0 | 10-17-2000 |
| 10-03-2000 | 10-02-2001 | 54 | | | | | |
| 10-03-2001 | 06-04-2002 | 36 | | | | | |

```
    TOTAL EARNED AMOUNT.......................................:    243
    TOTAL EARNED AND PROJECTED AMOUNT.........................:    333
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA SCOTT MAYE-EL,                      :
             Petitioner    :        No. 1:cv-01-1258
                           :
           v.                  :        (Judge Kane)
                           :        (Magistrate Judge Smyser)
JAKE MENDEZ, Warden                      :
             Respondent    :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 27th day of August, 2001, she served a copy of the attached

**RECORD IN SUPPORT OF RESPONDENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Dana Scott Maye-El
Reg. No. 18118-050
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist