In The United States District Court for
The Middle District of Pennsylvania

Dana Scott Maye-El
  Petitioner

v.

Jake Mendez, Warden
US Penitentiary Allenwood
  Respondent

No.: 1:CV-01-1258
(Judge Kane)

FILED
HARRISBURG

SEP 0 6 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

Petitioner's Reply To Respondent's Response To
Petition for Writ of Habeas Corpus

Comes now Petitioner, Dana Scott Maye-El pro se, and in reply to the Response of the Respondent, who claims that Petitioner has been properly credited with his presentence confinement toward the satisfaction of two state sentences, states as follows: Petitioner has not received proper credit for his presentence confinement and the intervention of this Court is necessary to determine both the factual and legal issues involved and Petitioner respectfully petitions this Court for the issuance of a Writ of Habeas Corpus to inquire into the matters contained herein. In support of this request Petitioner states:

1. On February 25, 1994 Petitioner was arrested for Armed Robbery and numerous other related offenses. He was also placed under investigation by the Jersey City Police for violation of Federal Firearm laws.

2. At the time of his arrest Petitioner was on parole from a previous state sentence and on March 9, 1994 a bench warrant was issued for violation of state parole. On or about March 23, 1994 Parole Officer Doris Bailey interviewed petitioner at Hudson County Jail and presented

-1-

a warrant for Petitioner's arrest on parole violation because of his arrest on February 25, 1994. It was determined that no detainer had been placed for violation of parole and the warrant was quashed. All that was holding Petitioner at that time was his inability to post bail.

3. According to Respondent's records an application for parole violation was not made until July 25, 1994. See "Application for pre-conviction parole revocation dated July 25, 1994" (R. 17-19). It should be noted that Petitioner's "current parole status" is recognized in the opening paragraph of the letter as well as in its conclusion where it is requested that it be revoked and that a warrant for detention of Petitioner for violation of parole be issued.

4. The New Jersey Parole Board on August 4, 1994 advised the New Jersey's prosecutor's office that the parole revocation would be implemented. See "Letter from Douglas D. Chisea dated August 4, 1994." (R. 16).

5. As noted in Response and Declaration of Chris Angelini there is some confusion regarding Petitioner's final adjusted release date from his state parole violation term - September 28, 1994 and October 2, 1994 - but both give rise to the question as to whether Petitioner actually served some time on a state violation term or whether his term on parole was allowed to expire. This discrepancy and its effect is discussed at 20, infra.

6. Petitioner was taken to the United States District Court to answer federal

-2-

Firearm violation charges on September 14, 1994. The Assistant United States Attorney when asked by Judge Ackerman as to the status of the New Jersey charges stated that the state of New Jersey had dropped all charges against the Petitioner. Judge Ackerman then ordered that Petitioner be transported to the Union County Jail in Elizabeth, New Jersey. This transfer was not accomplished until October 22, 1994 despite the Judge's Order that the transfer take place within 5 days of the Court's September 14, 1994 Order.

7. On April 12, 1995 Petitioner was sentenced to a federal term of imprisonment of 103 months by the United States District Court and was committed to the United States Penitentiary in Lewisburg, Pennsylvania on June 1, 1995 for service of the sentence.

8. On September 6, 1996 Petitioner was removed from federal custody and sent to the state for resolution of the reinstituted New Jersey charges. On October 11, 1996 Petitioner was sentenced for the state armed robbery charges to a term of 10 years imprisonment which was to run concurrent to Petitioner's federal sentence and his parole violation term. Petitioner was credited at that time with 960 days for time spent in custody from February 25, 1994 through October 11, 1996.

## Questions Presented

A. Should the petition for habeas corpus relief be issued because the Bureau of Prisons has not properly credited Petitioner with time spent in pre-trial custody?

-3-

6. Should the petition for habeas corpus relief be granted because the confusion surrounding petitioner's parole revocation has sufficiently roiled the issue of credit for presentence confinement to require the intervention of the Court to make a factual determination?

### Argument: Question X

The Habeas Corpus should be issued because the Bureau of Prisons has not properly credited petitioner with the time spent in pre-trial custody.

9. The Respondent states that petitioner has already received credit for the period of February 25, 1994 through October 2, 1994 on his state sentences and therefore is not entitled to have this time credited towards his federal sentence.

10. There are two separate issues that need to be resolved, viz. the effect of subsequent concurrent state sentences on federal sentence computation and petitioner's parole status.

11. Respondent makes the argument concerning primary and secondary custody claiming these issues are germane to this case. Petitioner maintains that the state of New Jersey had dropped all charges by his September 14, 1994 federal arraignment as announced by the Assistant United States Attorney thus surrendering primary custody.

12. The cases cited by the Government differ from Petitioner's situation

as the petitioners in those cases although sentenced had not started their period of incarceration in federal custody. Petitioner in the instant case had been sentenced to a federal term and had actually been committed to a federal institution 16 1/2 months before a concurrent state sentence had been imposed.

13. Assuming *arguendo* that the State of New Jersey did not drop the charges, this still does not preclude the crediting of the disputed period towards the petitioner's federal sentence. Petitioner was sentenced on April 12, 1995 by the United States District Court to his present term of incarceration. He was committed to the US Penitentiary in Lewisburg on June 1, 1995.

14. According to 18 USC 3568, "the sentence of imprisonment shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence." At the time sentence commenced there had been no allowance of credit against another sentence and the pre-sentence incarceration should have been credited against Petitioner's federal sentence. See: Kayfez v. Gasele, 993 F.2d 1288, 1290 (7 Cir. 1993). Petitioner's state sentence was not imposed until October 11, 1996 when he was given concurrent sentencing and prior credit for time spent in custody.

15. In *Kayfez*, supra, the petitioner had both state and federal charges pending and the state had tried petitioner first but had delayed in sentencing him. Petitioner was then tried on his federal

-5-

charges and sentenced. Petitioner was returned to state custody where he was finally sentenced on the state charges to a concurrent term which was later withdrawn and petitioner was placed in federal custody. He was then resentenced again on the state charges to a concurrent sentence and given credit for his pre-custody incarceration.

16. That Court held that "petitioner serving concurrent state and federal sentences was entitled to credit against his federal sentence for all of his presentence incarceration even though time had already been credited against state sentence; since defendant's sentences were concurrent, crediting only against state sentence would not reduce his period of actual imprisonment. <u>Kayfez</u> supra at 1290.

17. Petitioner's situation is similar in that his federal sentence was imposed when there was no state sentence imposed and when petitioner had entered upon his term of incarceration the state had yet to impose its sentence. The state's subsequent concurrent sentencing did not deprive Plaintiff's right to have the previous time credited towards his federal sentence in light of the fact that at the time of his commitment to USP Lewisburg on June 1, 1995 there had been no other sentence in effect and no prior credit given.

18. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
  i. as a result of the offense for which the sentence was imposed; or

-6-

ii. as a result of any other charge for which the defendant was arrested after the commission of the offense for which sentence was imposed;

- that has not been credited against another sentence. - 18 USC 3585

19. Petitioner is therefore entitled to credit for the precustody period of incarceration that had not been credited to any other sentence at the time of his commitment to USP Lewisburg and the Habeas Corpus should be issued because the Bureau of Prisons has not properly credited with the time spent in pretrial custody.

### Argument: Question B.

The petition for habeas corpus relief should be granted because the confusion surrounding Petitioner's parole revocation has sufficiently roiled the issue of credit for presentence confinement to require the intervention of the Court to make a factual determination.

20. Regarding the Petitioner's parole status it must be determined whether his parole was actually violated and if so when was it violated and did Petitioner receive credit for time served on his parole violation and if so how much credit did he receive.

21. As noted *supra* at 3 and in R. 16-19 an application for parole violation was not made until July 25, 1994 and the process was not implemented before August 4, 1994. The Notice of Probable Cause Decision was issued August 8, 1994 in support of Parole

-7-

Board's earlier decision to implement the revocation procedure. (See: Petitioner's Exhibit 1.)

22. If Petitioner's parole was revoked at that time and he was credited with the time spent in custody from the issuance of the warrant on March 9, 1994 he was entitled to 10 days per month good time from March 9, 1994 to August 8, 1994. Thus Petitioner would have accrued some 50 days good time towards the satisfaction of his sentence and his October 2, 1994 maximum expiration date would be reduced by 50 days and his sentence would have ended on or about August 13, 1994 or 4 days after his revocation. However as the PSI states (Respondent's R.13 at 55) Petitioner was terminated from parole supervision on October 2, 1994 his full term expiration date. (See R.13 at 52, 54 and R.15 Memo of Rive Heyliger-Xasper stating Petitioner moved out on 9/28/94.)

23. What the Respondent's Records show is that Petitioner was maintained on parole until his maximum release date of October 2, 1994 and he in fact received no credit towards the parole violation until a retroactive application was made October 11, 1996 by which time Petitioner had already began a term of federal incarceration.

24. If it is accepted, as the records indicate, that Petitioner's parole was terminated on October 2, 1994 (R.13 at 54, 55) then the entire time spent in custody prior to October 2, 1994 by Petitioner was

-8-

time on parole. The alleged parole revocation was in form only. Respondent offers no documentary evidence that petitioner had his parole revoked and that he was given credit for the period of incarceration from February 25, 1994 to October 2, 1994 prior to his being incarcerated at USP Lewisburg.

25. If it is accepted that petitioner was not being held by the parole warrant as the record indicates (R.16-19) until at the earliest August 4, 1994 then again Petitioner was being maintained on parole and the only reason for his continued incarceration was his inability to post bond and he is entitled to credit for the period of incarceration until his parole status was revoked on August 8, 1994.

26. This leaves a contested period of 55 days which when reduced by the statutory 10 days good time per month leaves only a period of 37 days credited to the parole violation. The Court in <u>McClain v Bureau of Prisons</u>, 9 F3d 503 (6 Cir 1993) was faced with a very similar situation and it was determined that because Petitioner was on parole and was not being detained because of his parole status, petitioner should be given credit on the federal sentence for the time that he was on state parole. <u>McClain</u>, supra at 505.

27. Because there is so much confusion surrounding Petitioner's parole status and revocation it is necessary for the Court to intervene to make a factual determination.

-9-

Petitioner therefore respectfully requests this Court issue a writ of habeas corpus to determine:

1. If Petitioner's parole was actually revoked?
2. When did this revocation occur?
3. What documentary evidence is there?
4. What prior credit if any did Petitioner receive on his parole revocation?
5. How much time was Petitioner on parole while incarcerated?
6. What is the correct amount of time with which Petitioner should have been credited towards his sentence at the time of his commitment to USP Lewisburg?

Therefore the above reasons Petitioner requests this Court to issue a writ of Habeas Corpus to inquire into these matters.

Dated: 3 September 2001

Respectfully Submitted,

Dana S. Maye-El

Dana Scott Maye-El
No. 18118-050
Post Office Box 3000
US Penitentiary Allenwood
White Deer, PA 17887

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA S. MAYE-EL, | : | No: 1:cv-01-1258 |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, WARDEN | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

I Dana S. Maye-El hereby state I Placed a copy of <u>Petitioner's Response To Respondent's response to Petitioner's HEABEAS CORPUS</u> with full postage on envelope on _4_ day of sept. <u>2001</u> in the mail box at USP Allenwood to Kate L. Mershimer
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. BOX 11754
Harrisburg, PA 17108-1754


Respectfully submitted
9-4- 2001

*Dana S. Maye-El*
Dana S. Maye-El