

*Judge*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA SCOTT MAYE-EL, | : CIVIL NO. 1:CV-01-1258 |
| Petitioner | : |
| v. | : (Judge Kane) |
| | : (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden, | : |
| Respondent | : |

REPORT AND RECOMMENDATION

FILED
HARRISBURG, PA
SEP 2 0 2001
MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

On July 6, 2001, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner contends that the United States Bureau of Prisons has wrongfully failed to credit toward his current sentence the time that he was incarcerated in the Hudson County, New Jersey Jail from February 25, 1994 to October 1, 1994.

The petitioner paid the filing fee to commence this action on July 27, 2001 and by an Order dated August 6, 2001 the respondent was ordered to show cause on or before August 27, 2001 why the petitioner should not be granted habeas corpus relief. The Order of August 6, 2001 also permitted the petitioner to file a reply.

AO 72A
(Rev.8/82)

On August 27, 2001, the respondent filed a response to the petition. On September 6, 2001, the petitioner filed a reply.

The factual background pertinent to the petitioner's claim is as follows.

In December 10, 1992, the petitioner was convicted of terroristic threats by the Hudson County Superior Court of New Jersey. *Doc. 9* at 13. The maximum expiration date for that sentence was October 2, 1994. *Id.* The petitioner was paroled from that sentence on June 22, 1993. *Id.*

On February 25, 1994, the petitioner was arrested by New Jersey authorities on charges of armed robbery, possession of a weapon for unlawful purposes, unlawful possession of a weapon, possession of a defaced firearm and possession of a prohibited device. *Id.* at 2-3, 34. The petitioner was placed in the Hudson County Jail. *Id.* at 3.

Subsequently, a federal indictment was issued charging that on or about February 25, 1994 the petitioner violated 18

2

AO 72A
(Rev.8/82)

U.S.C. § 922(g) (possession of a firearm by a convicted felon). *Id.* at 3, 11.

On March 9, 1994, while the petitioner was still in the Hudson County Jail, a parole violator warrant was issued for the petitioner. *Doc 1* at Exhibit 2. On August 8, 1994, a New Jersey Hearing Officer determined that there was probable cause to believe that the petitioner had violated his parole on his 1992 sentence and the Hearing Officer referred the matter to the New Jersey Parole Board for its consideration. *Id.*

There is a dispute about whether the petitioner's parole was revoked. The respondent contends that the petitioner's parole was revoked and that the petitioner was given a state parole violation term with a maximum expiration date of October 2, 1994. The documents submitted by the respondent give rise to various inferences as to the date upon which the petitioner's parole was allegedly revoked. *Doc. 9* at 13 (stating that parole was revoked on August 8, 1994 but also stating that petitioner was terminated from parole supervision on October 2, 1994); *Doc. 9* at 15 (stating that the petitioner was returned as a parole violator on March 23, 1994 and that he maxed out on September 28, 1994); *Doc. 9* at 28 (stating that on

3

March 9, 1994 the petitioner's parole was revoked and that he began serving the parole violation term and that his parole violation term ended on October 2, 1994). The petitioner contends that his parole was not revoked but that he remained under parole supervision until October 2, 1994 when his 1992 sentence expired.

On September 14, 1994, Judge Ackerman of the United States District Court for the District of New Jersey ordered that the petitioner be transferred from the custody of Hudson County to the custody of the United States Marshal Service until further order of court. *Doc. 9* at 21. On April 12, 1995, the petitioner was sentenced in the United States District Court for the District of New Jersey to a term of imprisonment of 103 months for violation of 18 U.S.C. § 922(g). *Id.* at 24. On June 1, 1995, the petitioner was committed to the United States Penitentiary at Lewisburg for service of that sentence. *Id.* The Bureau of Prisons gave the petitioner credit toward his federal sentence for the 192 days he had been incarcerated from October 2, 1994 to April 11, 1995. *Id.* at 43.

On September 6, 1996, the petitioner was transferred to state custody pursuant to the Interstate Agreement on Detainers

4

Act based upon the petitioner's request for disposition of the state charges stemming from his February 25, 1994 arrest. *Id.* at 5. On October 11, 1996, the petitioner was convicted of armed robbery and sentenced by the Hudson County Superior Court to a ten year term of incarceration to run concurrent to his federal sentence. *Id.* at 34. The petitioner was given credit toward his ten year state sentence for the 960 days he was incarcerated from February 25, 1994 to October 11, 1996. *Id.* On May 17, 2000, the petitioner was paroled from his ten year state sentence. *Id.* at 36-39.

The petitioner is currently incarcerated at the United States Penitentiary at Allenwood. The petitioner's current projected release date is June 4, 2002.

The petitioner contends that the Bureau of Prisons failed to credit toward his current sentence the time that he was in custody in the Hudson County Jail from February 25, 1994 to October 1, 1994.

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition

5

AO 72A
(Rev.8/82)

for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), *cert. denied*, 429 U.S. 851 (1976).

18 U.S.C. § 3585(b) governs credit given for prior custody. 18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

"The courts have construed the last clause of section 3585(b) as limiting an award of credit for time served prior to the imposition of a federal sentence under section 3585(b) to instances where the time period was not spent in service of a previously imposed sentence and thus had not been credited against that earlier sentence." *Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir. 2000). In other words, 18 U.S.C. §3585(b) prohibits the award of double credit. *Id.*; *United States v. Wilson*, 503 U.S. 329, 337 (1992)(stating that Congress made clear in section 3585(b) that a defendant could not receive double credit for his detention time).

6

The respondent contends that the petitioner is not entitled to credit toward his current sentence for the period from February 25, 1994 to October 1, 1994 because he received credit for that period of time toward both his ten year state sentence for armed robbery and his parole violation term.

It is clear that the petitioner received credit toward his ten year state sentence for armed robbery for the period from February 25, 1994 to October 1, 1994. *Doc. 9* at 34.  Thus, the petitioner is not entitled to credit toward his current federal sentence for that same time period.  To grant the credit the petitioner seeks would result in the petitioner receiving double credit for that time.

We note that the petitioner argues that he is entitled to credit toward his federal sentence for the period of time in question because at the time he began serving his federal sentence he had not yet been sentenced in state court and accordingly he had not received credit for that time period. The petitioner is correct that at the time he began serving his federal sentence he should have been credited with the time in question because at that time he had not received credit elsewhere.  However, it is now clear that the petitioner has

7

received credit for the time period in question. Thus, he should not also receive credit toward his federal sentence. Even if the Bureau of Prisons had initially credited the petitioner with the time when he began serving his federal sentence, pursuant to *Policy Statement* 5880.28 at page 1-24B ¶d[1], the Bureau of Prisons would have withdrawn the credit it initially granted and recalculated the petitioner's sentence when the petitioner received credit toward his state sentence.

Because the petitioner has received credit toward his ten year state sentence for armed robbery for the period in question, we do not need to decide whether the petitioner also received credit toward a state parole violation term for the period in question. As mentioned before, there is a factual dispute surrounding when, or if, the petitioner's parole was revoked and he began serving a parole violation term.

---

[1] PS 5880.28 page 1-24B ¶d provides, in pertinent part: "In the event periods of state (or foreign) credit unrelated to the SRA offense are applied to an SRA sentence, and the state (or foreign country) later convicts and sentences the individual to a term of imprisonment, the credit given by the state will be withdrawn from the federal computation provided the time in question does not convert to "Willis" or "Kayfez" type of time credit as previously discussed."

8

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

                                                          J. Andrew Smyser
                                                          Magistrate Judge

Dated: September 20, 2001.

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA SCOTT MAYE-EL, | : | CIVIL NO. 1:CV-01-1258 |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden, | : | |
| Respondent | : | |

**NOTICE**

FILED
HARRISBURG, PA

SEP 2 0 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: September 20, 2001.