Law Clerk's Copy

copy (12)

United States District Court
For The Middle District Of Pennsylvania

FILED
HARRISBURG

OCT 0 1 2001

MARY E. D'ANDREA, CLE
Per _____
DEPUTY CLERK

Dana Scott Maye-El,
  Petitioner

v.

Jake Mendez, Warden,
  Respondent

Civil No. 1: CV-01-1258
(Judge Kane)
(Magistrate Judge Smyser)

## Petitioner's Objection To Magistrate's Report and Recommendation

Comes now Petitioner, Dana Scott Maye-El pro se and pursuant to Rule 72.3 of the Rules of the Court, M.D. Pa., hereby lodges his objections to the Magistrates Report and Recommendation. In support of this objection Petitioner states as follows:

1. The Magistrate in his report on pg. 7 states - "It is clear that the petitioner received credit toward his ten year state sentence for armed robbery for the period from February 25, 1994 through October 1, 1994.... Thus, the petitioner is not entitled to credit toward his current federal sentence for that same time period. To grant the credit the petitioner seeks would result in the petitioner receiving double credit for that time." In support of that finding the Magistrate relies upon the opinion in Rios v Shiley, 201 F.3d 257, 272 (3 Cir. 2000) which discusses the awarding of time of a previously imposed sentence.

2. In the instant case Petitioner states that at the time his federal sentence was imposed there was no previously imposed sentence and he

qualified for presentence credit as discussed in 18 USC 3585(b) and sanctioned by the Magistrate. However in denying the awarding of the credit the Magistrate ignores the plain language and intent of <u>Kayfez v Gasele</u>, 993 F2d 1288 (7 Cir. 1993) which states that "Petitioner serving concurrent state and federal sentences was entitled to credit against his federal sentence for all of his presentence incarceration even though time had already been credited against state sentence." <u>Kayfez</u> supra at 1290.

3. Magistrate's footnote on pg. 8 calls attention to "Kayfez" situations, of which Petitioner is one and his time should be calculated pursuant to those factors. A straightforward application of "Kayfez" would yield the following results:

Petitioner's full term date: Sept. 25, 2002  (2-25-94 + 7mos -0- 8)
Date Arrested: Feb. 25, 1994
Sentence Imposed  8 yrs. 7 mos (103 months)

With the state sentence of 10 years concurrent Petitioner's full term state sentence would be <u>Feb. 25, 2004.</u>

The language in <u>Kayfez</u> supra supports such a calculation.

4. The Bureau of Prisons interpretation as contained in its Policy Statement (PS 5880.30 pg 10-11) eschews such a straightforward approach in the application of Kayfez and instead proceeds with a more involved approach which results in a date less beneficial to Petitioner.

State Sentence: 10 years
State Sent. Begins: 2-25-94
State Raw Effective Full Term: 2-25-04

Federal Sentence: 103 mos. (8 yrs. 7 mos)
Federal Sent. Begins: June 1, 1995
Federal Raw EFT: Jan. 1, 2004

Date Arrested By Non Fed Agency: 2-25-94
Federal Detainer Filed : 9-14-94
Federal Sentence Begins: : 6-1-95
Concurrent State Sentence : 2-25-94

Qualified nonfederal presentence time = 260 Days (9-14-94 to 6-1-95)

Feb. 25-2004 minus 260 days = June 10, 2003
Federal Raw Effective Full Term Adjusted = June 10, 2003

Any other existing prior custody time credits shall be deducted from the Federal Effective Full Term Date after the application of the Kayfez time credits. See: PS 5880.30 pg. 10. See also: Kayfez v Gasele supra at 1290 " petitioner serving concurrent state and federal sentences was entitled to credit against his federal sentence for all of his presentence incarceration even though time had already been credited against state sentence."

Existing prior custody = 202 days (Feb. 25, 1994 through Sept. 14, 1994)

June 10, 2003 minus 202 days = November 20, 2002 EFT

Nov. 20, 2002 minus 243 Earned Good Days = March 21, 2002.

5. The Magistrate has chosen to ignore *Kayfez* and the Policy Statement governing *Kayfez* situations. The Bureau of Prisons has also ignored its own Policy Statement and established a release date two and one-half months beyond its own required calculations. Because the Magistrate and the Bureau of Prisons have failed to apply the *Kayfez* criteria and because the Policy Statement interpretation of that criteria may be at variance with the plain language and intent of the Court Petitioner objects to the recommendation of the Magistrate that the habeas corpus writ should not be issued. This Court should issue a writ of habeas corpus to determine the correct application of *Kayfez* and calculate Petitioner's sentence accordingly.

Dated: 25 September 2001

Respectfully Submitted,

Dana S. Maye-El
Dana Scott Maye-El
#18118-050
Post Office Box 3000
US Penitentiary Allenwood
White Deer, PA 17887

### Certificate of Service

I hereby certify that a copy of this Petitioner's Objection to Magistrate's Report and Recommendation was mailed to the Magistrate Judge J. Andrew Smyser in care of the Clerk's office 228 Walnut Street, PO Box 983, Harrisburg PA 17108 and to Respondent in care of Kate L. Mershimer AUSA 228 Walnut Street 2nd Floor, PO Box 11754, Harrisburg PA 17108-1754 this 26 day of September 2001 with first class postage attached.

Dana S. Maye-El
Dana Scott Maye-El

```
                                              PS 5880.30
                                        CN-03, June 30, 1997
                                        Chapter VI, Page 10
```

less than the federal **Raw EFT** resulting in no benefit to the non-federal state sentence from the state presentence time. (See **Willis v. U.S.**, 438 F.2d 923 (5th Cir. 1971).)

\*          (v)   If the **non-federal and federal sentences are concurrent**, the Raw EFT of the non-federal term is greater than the Raw EFT of the federal term, and if the non-federal Raw EFT, after application of **qualified** non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT, then a **Kayfez** (See **Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993)** situation exists.  In such a situation, the amount of **qualified** non-federal presentence time, i.e., the amount of time in non-federal presentence time after the date the federal detainer was filed (or date the federal sentence was imposed or the date on which the parole violator warrant was issued) to the date that the non-federal or federal sentence commenced, whichever is earlier, shall be applied to the non-federal Raw EFT. The federal Raw EFT shall then be reduced to equal the reduced non-federal EFT.  Any other existing prior custody time credits shall be deducted from the federal EFT after application of the **Kayfez** time credits.  Following are some examples that demonstrate the process:

### Example No. 1

```
Non-Federal Raw EFT                         = 09-18-1997
Federal Raw EFT                             = 09-05-1997

Date Arrested by Non-Federal Agency         = 03-25-1994
Date Federal Detainer Filed                 = 03-25-1994
Date Non-federal Sentence Begins            = 04-15-1994
Date Concurrent Federal Sentence Begins     = 05-10-1994
```

Qualified non-federal presentence time is from **03-25-1994 through 04-14-1994** which equals **21 days**.  The non-federal Raw EFT shall be reduced by the 21 days to August 28, 1997 and the federal Raw EFT shall be reduced to that date (**August 28, 1997**) resulting in an award of **8** days of presentence time credits.

### Example No. 2

```
Non-Federal Raw EFT                         = 09-18-1997
Federal Raw EFT                             = 09-15-1997

Date Arrested by Non-Federal Agency         = 03-25-1994
Date Federal Detainer Filed                 = 03-25-1994
Date Federal Sentence Begins                = 04-01-1994
Date Concurrent Non-Fed Sentence Begins     = 04-15-1994
```

Qualified non-federal presentence time is from **03-25-1994 through 03-31-1994** which equals **7 days**.  The non-federal Raw EFT shall be reduced by the 7 days to September 11, 1997 and the federal Raw EFT shall be reduced to that date (**September 11, 1997**) resulting in an award of **4** days of presentence time credits.