MCC:KLM:all/2001V00746

# ORIGINAL

*FILED*
*HARRISBURG*

OCT 1 0 2001

MARY E. D'ANDREA, CLERK

Per _____
DEPUTY CLERK

13
10/11/01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA SCOTT MAYE-EL,                    :
        Petitioner          :      No. 1:cv-01-1258
                                 :
        v.                 :      (Judge Kane)
                                 :      (Magistrate Judge Smyser)
JAKE MENDEZ, Warden                    :
        Respondent          :

## RESPONDENT'S OPPOSITION TO PETITIONER'S OBJECTIONS
## TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Dana Scott Maye-El,[1] who presently is confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"). Respondent is Jake Mendez, Warden of USP Allenwood.

Maye-El has challenged the computation of his federal sentence claiming that he did not receive proper credit for his presentence confinement for the period of time between February 25, 1994, through October 1, 1994. The government maintained that Maye-El received credit for this disputed period toward the satisfaction of two state sentences, which cannot be re-credited to his federal sentence, such that the Bureau of Prisons had correctly computed Maye-El's sentence.

---

[1] Petitioner currently uses the name Dana Scott Maye-El. He was formerly known as Dana Scott Maye and was charged, convicted and sentenced under the name of Dana Scott Maye.

On September 20, 2001, the Magistrate Judge issued a Report recommending that the habeas petition be denied in that Maye-El's federal sentence had been properly calculated and credited for time spent incarcerated related to his federal sentence.

Maye-El has now filed objections to the Report. Maye-El argues that the Magistrate Judge erred in his decision.

The government notes that the facts of this case and the legal arguments supporting the BOP's position in how it calculated Maye-El's sentence have been discussed thoroughly in the BOP's initial response to the habeas petition and the Magistrate Judge's Report. In that Maye-El raises nothing new that was not addressed in those documents, we rely upon and incorporate those documents in response to Maye-El's objections. For the Court's convenience, those documents are attached to this brief.

**CONCLUSION**

Wherefore, petitioner's objections to the Magistrate Judge's September 20, 2001 Report and Recommendation should be overruled and the petition for writ of habeas corpus should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
ANITA LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date: October 10, 2001

3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA SCOTT MAYE-EL,          :      Civil No. 1:CV-01-1258
        Petitioner           :
                             :      (Judge Kane)
        v.                   :
                             :      (Magistrate Judge Smyser)
                             :
JAKE MENDEZ, Warden,         :
        Respondent           :

## DECLARATION OF CHRISTOPHER ANGELINI

I, Christopher M. Angelini do hereby declare as follows:

1.    That I am the Inmate Systems Manager at the United States
      Penitentiary, Allenwood, Pennsylvania, and have been so
      employed since June 3, 2001.  Prior to this position, I was
      assigned as Inmate Systems Manager at F.C.I. Loretto since
      January 1999.  I have been employed by the Federal Bureau of
      Prisons since April 1990.

2.    In this position, I am responsible for the managerial
      oversight of the Inmate Systems Management Department.
      Specifically, I am responsible for computing, auditing, and
      monitoring federal inmate sentences to ensure their accuracy
      consistent with governing statutes, rules, and regulations.

3.    I have reviewed the petition in this matter, filed by the
      Petitioner, inmate Dana Scott Maye, Federal Register Number

18118-050, in which the Petitioner alleges that he has not
received jail time credit for the period from February 25,
1994 (the date of his arrest) through October 1, 1994.

4.    The Petitioner was sentenced in the United States District
      Court, District of New Jersey on April 12, 1995, to a one
      hundred and three (103) month term of imprisonment for
      "Possession of a Firearm By a Convicted Felon" in violation
      of Title 18, U.S.C., §922(g). The Petitioner was also
      ordered to pay a fifty ($50.00) dollar felony assessment and
      he was ordered to complete a three year term of supervision.
      Additionally, the Petitioner received jail time credit from
      October 2, 1994, through April 11, 1995.

5.    Bureau of Prisons records reveal that the Petitioner arrived
      at the United States Penitentiary, Allenwood, Pennsylvania,
      on June 28, 2000, and he remains incarcerated there as of
      this date.

6.    My review of the Petitioner's records indicates that the
      Petitioner committed the offense for his current federal
      commitment on February 25, 1994. Specifically, on that date
      the Petitioner was arrested by Port Authority police, Hudson
      County, New Jersey, for the following **state offenses**: Armed
      Robbery, Possession of a Weapon for Unlawful Purposes,

Unlawful Possession of a Weapon, Possession Defaced Firearm,
and Possession Prohibited Device.

7.   The Petitioner was then placed in the Hudson County Jail,
     New Jersey.  At this time, the State of New Jersey had
     <u>primary</u> custody over the Petitioner.

8.   An one count indictment for the Petitioner's current **federal**
     offense charges that on or about February 25, 1994, the
     Petitioner, having been convicted in Superior Court, Jersey
     City, New Jersey, on December 10, 1992, of a crime
     punishable by imprisonment for a term exceeding one year,
     did knowingly possess a firearm, in violation of Title 18,
     United States Code, Section 922(g) (Attachments  A & B).

9.   On March 9, 1994, a bench warrant was issued for the
     Petitioner's arrest for a violation of **state** parole and he
     was detained pending the outcome of the state parole
     violation proceedings, as well as the new charges stemming
     from his **state** arrest on February 25, 1994 (Attachment C).

10.  On September 14, 1994, while awaiting the disposition of the
     state charges and during the service of the state parole
     violator term, the Honorable Harold A. Ackerman, United
     States District Court, District of New Jersey, under



Criminal No.: 94-443 (01), issued an Order transferring the
Petitioner from the custody of Hudson County, New Jersey, to
the custody of the U.S. Marshals Service, Newark, New Jersey
**until further order of the court** (Attachment D). At that
time, federal authorities assumed <u>secondary</u> custody over the
Petitioner.

11. Specifically, the sovereign which first arrests an offender
has <u>primary</u> custody over that offender, unless that
sovereign relinquishes custody to another sovereign by, for
example, bail release, dismissal of the state charges,
parole release, or expiration of the state sentence.

12. At the time the September 14, 1994, order was issued, the
Petitioner was serving a state parole violation term with a
maximum expiration date of October 2, 1994. The Petitioner
was therefore in the primary custody of the state until that
date. The Petitioner would not have come under primary
federal custody prior to that date, or an earlier date
established by state officials for release, until **the state
charges stemming from the February 25, 1994 arrest were
either adjudicated, dismissed, etc.**.(Attachments F & G).

13. On April 12, 1995, the Petitioner, was sentenced by the
Honorable Harold A. Ackerman, United States District Court,

District of New Jersey, to a federal term of imprisonment of one hundred and three (103) months for the offense of Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g), as charged in Count 1.  Although the Petitioner was still under the primary custody of the state, the Petitioner was committed to the United States Penitentiary, Lewisburg, Pennsylvania, on June 1, 1995, for service of the federal sentence imposed (Attachment E).  This was in error, since the State of New Jersey still had primary custody over the Petitioner since his state charges had not been resolved.

14.  On September 6, 1996, the Petitioner was removed from federal custody pursuant to the Interstate Agreement on Detainers Act, based upon the Petitioner's request for disposition of the state charges stemming from the February 25, 1994, **state** arrest.

15.  On October 11, 1996, the Petitioner was sentenced under Indictment Number 934-7-94, in Hudson County Superior Court, Hudson County, New Jersey, to a state term of ten (10) years imprisonment.  The term of imprisonment was ordered to run concurrent to the Petitioner's present federal sentence and any parole violation term.  Furthermore, the Petitioner was to receive credit for time spent in custody in the amount of

960 days for the following period of time:  **February 25, 1994, through October 11, 1996** (Attachment H).

16.   The Petitioner now claims that he did not receive credit toward the satisfaction of his state parole violation term, from February 25, 1994, through October 2, 1994, therefore, pursuant to Title 18, United States Code, Section 3585(b), he should be awarded that credit.  The Petitioner is mistaken.

17.   It should be noted that there is some confusion regarding the Petitioner's final adjusted release date from his state parole violation term.  Specifically, Attachment C (which was recently received on June 27, 2001), indicates that the Petitioner's full term release date was September 28, 1994. Other documents received and filed as attachments indicate a full term release date of October 2, 1994.  This creates a four day difference.

18.   Despite this confusion, the undisputed fact is that the Petitioner received credit and served the state parole violation term.  Furthermore, the New Jersey State Judgment & Commitment Order indicates that an award of credit toward the satisfaction of the ten (10) year sentence for a portion of the same period of time was made.  It is therefore

**state** sentences (the parole violator term and the ten [10] year state sentence).  Therefore, pursuant to the above mentioned statute, the Bureau of Prisons is precluded from awarding such credit toward the satisfaction of the federal sentence imposed.

21.  If the Petitioner had been returned to state authorities at the conclusion of his sentencing on federal charges on April 12, 1995, since they still had primary custody over the Petitioner, the Petitioner would not have been received into federal custody until his parole was granted on the ten (10) year New Jersey state sentence, on May 17, 2000.  At that time, the Petitioner would have commenced service of his one hundred and three (103) month federal sentence, with a projected release date of November 8, 2007, with **no prior custody credit**, since it would have been applied towards his state sentence and parole violator term.

22.  Instead, since the Petitioner was erroneously placed in federal custody, the Federal Bureau of Prisons exercised its judgment and did not return the Petitioner for placement in state custody due to the age of his case (Attachment I).

23.  The Petitioner currently has a projected release date of June 4, 2002, via Good Conduct Time Release, provided the

Petitioner receives all Good Conduct Time available pursuant to Title 18, United States Code, Section 3624(b) (Attachment J).

24.    Based on the above information, it is clear that the Petitioner's federal sentence has been reviewed for accuracy and is correct in accordance with existing BOP policies and governing laws.

25.    The attached documents referenced in this declaration are true and correct copies of the original documents maintained at the United States Penitentiary Allenwood, Pennsylvania.

Pursuant to Title 28, United States Code, §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_8/24/01_
Date

Christopher M. Angelini
Inmate Systems Manager
United States Penitentiary
Allenwood, Pennsylvania 17887

MCC:KLM:all/2001V00746

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA SCOTT MAYE-EL, | : | |
| Petitioner | : | No. 1:cv-01-1258 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden | : | |
| Respondent | : | |

### RESPONDENT'S RESPONSE TO
### THE PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Dana Scott Maye-El,[1] who presently is confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"). Respondent is Jake Mendez, Warden of USP Allenwood.

Maye-El challenges the computation of his federal sentence claiming that he did not receive proper credit for his presentence confinement for the period of time between February 25, 1994, through October 1, 1994. The government maintains that Maye-El received credit for this disputed period toward the satisfaction of two state sentences, which cannot be re-credited to his federal sentence, such that the Bureau of Prisons has correctly computed Maye-El's sentence.

---

[1] Petitioner currently uses the name Dana Scott Maye-El. He was formerly known as Dana Scott Maye and was charged, convicted and sentenced under the name of Dana Scott Maye.

## Statement of the Case

On February 25, 1994, Maye-El was arrested by Port Authority police, Hudson County, New Jersey, for the following state offenses:  Armed Robbery, Possession of a Weapon for Unlawful Purposes, Unlawful Possession of a Weapon, Possession of Defaced Firearm, and Possession of Prohibited Device.  R.2-3, ¶6; 18; 34.[2] Maye-El was then placed in the Hudson County Jail, New Jersey.  At that time, the State of New Jersey had <u>primary</u> custody over the Petitioner.  R.3, ¶7.

A federal indictment was issued in the United States District Court for the District of New Jersey at No. 94-CR-443, charging Maye-el, having been convicted in New Jersey Superior Court on December 10, 1992, of a crime punishable by imprisonment for a term exceeding one year, of knowingly possessing a firearm on or about February 25, 1994, in violation of Title 18, United States Code, Section 922(g).  R.3, ¶8; 11, 18.

On March 9, 1994, a bench warrant was issued for Maye-El's arrest for a violation of **state** parole (apparently related to the December 10, 1992 state conviction referenced in the federal §922(g) indictment); Maye-El was detained by state officials pending the outcome of the state parole violation proceedings, as

---

[2]  "R.__" stands for the Record filed in support of the government's response to this habeas petition.  The Record includes the declaration of BOP Inmate Systems Manager Angelini (R. 1-10), plus other documents concerning Maye-el's various convictions and sentences.

well as pending resolution of the new **state** charges stemming from his February 25, 1994 arrest for armed robbery. R.3, ¶9; 13.

Subsequently, Maye-El was found to have violated his state parole and he was given a state parole violation term with a maximum expiration date of October 2, 1994. See R. 4, ¶12.

In the interim, on September 14, 1994, while awaiting the disposition of the state armed robbery charges but while serving the state parole violator term, the United States District Court issued an order transferring Maye-El from the custody of Hudson County, New Jersey to the custody of the U.S. Marshals Service, Newark, New Jersey until further order of the court. R.3, ¶10; 21.

Because Maye-El was serving his state parole violator term and the **state** charges stemming from the February 25, 1994, armed robbery arrest were pending, Maye-El was in the primary custody of the state at the time the United States Marshals took custody of Maye-El. (To explain, the sovereign that first arrests an offender has primary custody over that offender, unless that sovereign relinquishes custody to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of the state sentence. R.4, ¶11.) Accordingly, since the State of New Jersey had not relinquished custody of Maye-El at the time of the September 14, 1994 order giving temporary custody to federal authorities, federal authorities assumed only secondary custody over Maye-El. R.3, ¶10.

3

We also note that at the time the September 14, 1994, federal order was issued, which gave federal officials secondary custody of Maye-El, Maye-El would not have come under primary federal custody prior to that date, or at an earlier date established by state officials for release, until the state charges stemming from the February 25, 1994 arrest for armed robbery were either adjudicated, dismissed, or otherwise resolved.  R. 4, ¶12; 28.

On April 12, 1995, Maye-El was sentenced by the United States District Court to a federal term of imprisonment of 103 months for the offense of Possession of Firearm by Convicted Felon. R.4, ¶13; 24.[3]  Additionally, Maye-El received credit on his federal sentence from October 2, 1994, through April 11, 1995. R.2, ¶4; 43.  Although Maye-El was still under the primary custody of the state, Maye-El was committed to the United States Penitentiary, Lewisburg, Pennsylvania, on June 1, 1995, for service of the federal sentence imposed.  R.5, ¶13; 24.  This was in error, however, in that the State of New Jersey still had primary custody over Maye-El because his state charges had not been resolved.  R.5, ¶13; 29, 30.

On September 6, 1996, Maye-El was removed from federal custody pursuant to the Interstate Agreement on Detainers Act based upon Maye-El's request for disposition of the state charges

---

[3] Maye-El was also ordered to pay a $50.00 dollar felony assessment.  R.2, ¶4; 23-25.

4

stemming from the February 25, 1994, state armed robbery arrest. R.5, ¶14; 28.

On October 11, 1996, Maye-El was sentenced for the state armed robbery charges under Indictment Number 934-7-94, in Hudson County Superior Court, Hudson County, New Jersey, to a term of 10 years imprisonment, which was to run concurrent to Maye-El's present federal sentence and any parole violation term. R.5, ¶15; 32. Furthermore, Maye-El was to receive credit for time spent in custody in the amount of 960 days for the following period of time: February 25, 1994, through October 11, 1996. R.5-6, ¶15; 43.

Respondent notes that there is some confusion regarding Maye-El's final adjusted release date from his state parole violation term. Specifically, the record in support of this response, at R.15, indicates that Maye-El's full term release date was September 28, 1994. Other documents (R. 18, 28, and 43) indicate a full term release date of October 2, 1994. This creates a four-day difference.

Despite this confusion, the undisputed fact is that Maye-El received credit for and served the state parole violation term. R.6, ¶ 18, 43. Furthermore, the New Jersey State Judgment & Commitment Order indicates that an award of credit was made toward the satisfaction of the 10-year sentence for a portion of the same period of time. R.6, ¶18; 32.

5

Respondent notes that Maye-El has exhausted available administrative remedies regarding the computation of his sentence. Maye-El currently has a projected release date of June 4, 2002, via Good Conduct Time Release provided Maye-El receives all Good Conduct Time available pursuant to Title 18, United States Code, Section 3624(b).  R. 8-9, ¶23; 43.

### Question Presented

Should the habeas petition be denied as the Bureau of Prisons has correctly computed Maye-El's sentence?

### Argument

**THE HABEAS PETITION SHOULD BE DENIED AS THE BUREAU OF PRISONS HAS CORRECTLY COMPUTED MAYE-EL'S SENTENCE.**

Maye-El is requesting credit for the period of time from February 25, 1994 (the date of his arrest on federal charges) through October 1, 1994.   [Recall that although Maye-El was sentenced on the federal §922(g) sentence on April 12, 1995, Maye-El received credit on his federal sentence from October 2, 1994, through April 11, 1995.  R.2, ¶4; 43.  Thus, Maye-El is seeking credit on his federal sentence only for the period of time between his federal arrest and the date he began to receive credit towards service of his federal sentence].

Maye-El's request should be denied because he already has received credit for this period of time on his state sentences. 18 U.S.C. §3585, which controls the award of prior custody credit, states:

6

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

    i.   as a result of the offense for which the sentence was imposed; or

    ii.  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. §3585(b). Additionally, 18 U.S.C. §3568 states that "the sentence of imprisonment shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."

In this case, on March 9, 1994, a bench warrant was issued for Maye-El's arrest for violation of state parole. He was detained pending the outcome of the state parole violation proceedings as well as the new charges stemming from his state arrest on February 25, 1994. The State of New Jersey, thus, retained primary custody of Maye-El.

On September 14, 1994, while awaiting the disposition of the state charges and during the service of the state parole violator term, a federal judge ordered Maye-El to be transferred to the custody of the U.S. Marshals Service until further order of the court. At that time, federal authorities assumed secondary custody over Maye-El. Subsequently, on April 12, 1995, Maye-El was sentenced to a federal term of imprisonment of 103 months.

7

Although Maye-El was committed to the United States Penitentiary, Lewisburg, Pennsylvania, on June 1, 1995, for service of the federal sentence imposed, this was in error as Maye-El's state charges had not been resolved and the State of New Jersey still had primary custody over Maye-El.

Subsequently, on September 6, 1996, Maye-El was returned to New Jersey based upon Maye-El's request for disposition of the state charges stemming from the February 25, 1994, state arrest. On October 11, 1996, Maye-El was sentenced in state court to 10 years imprisonment to run concurrent to Maye-El's present federal sentence and any parole violation term. Furthermore, Maye-El was to receive 960 days credit for time spent in custody from February 25, 1994, through October 11, 1996. Thus, Maye-El also received credit toward the satisfaction of his state parole violation from February 25, 1994, through October 11, 1996.[4]

It is clear that Maye-El's federal sentence could not become operative until his release from the state sentence since

_____

[4] Although some documents received from the state indicate that Maye-El's full term release date was September 28, 1994, while other documents received from the state indicate a full term release date of October 2, 1994, the undisputed fact is that Maye-El did receive credit and served the state parole violation term. Furthermore, an award of credit toward the satisfaction of the 10-year sentence for a portion of the same period of time was made by the state. It is therefore immaterial whether there is a difference of 4 days that may not have been applied from September 29, 1994, through October 2, 1994, to the parole violation term, since this period of time was also awarded to Maye-El's 10-year state term.

the state authorities retained primary jurisdiction over Maye-El, and Maye-El's federal custody did not commence until the state authorities relinquished him on satisfaction of the state obligation. See Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992); Hernandez v. United States Attorney General, 689 F.2d 915 (10th Cir. 1982); Roche v. Sizer, 675 F.2d 507 (2d Cir. 1982); Crawford v. Jackson, 589 F.2d 693 (D.C.Cir. 1978); Cobb v. United States, 583 F.2d 695 (4th Cir. 1978).

Thus, since Maye-El received credit for this period of time (February 25, 1994, through October 2, 1994) toward the satisfaction of not only one, but two state sentences (the parole violator term and the 10-year state sentence), pursuant to 18 U.S.C. §3585(b), the BOP is precluded from awarding crediting this same period of time toward the satisfaction of Maye-El's federal sentence.

We note that if Maye-El had been returned to state authorities at the conclusion of his sentencing on federal charges on April 12, 1995, since they still had primary custody over Maye-El, Maye-El would not have been received into federal custody until May 17, 2000, when his parole was granted on the 10-year New Jersey state sentence. At that time, Maye-El would have commenced service of his 103-month federal sentence, with a projected release date of November 8, 2007, with **no prior custody credit,** since it would have

9

been applied towards his state sentence and parole violator term. Instead, since Maye-El was erroneously placed in federal custody, the Bureau of Prisons exercised its discretion and did not return Maye-El for placement in state custody due to the age of his case. See R.30.    Despite  Maye-El's  allegations  to  the  contrary, therefore, his sentence has been computed in accordance with existing case law and Federal Bureau of Prisons policies and procedures.

## CONCLUSION

For all of the foregoing reasons, the petition for writ of habeas corpus should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney


KATE L. MERSHIMER
Assistant U.S. Attorney
ANITA LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: August 27, 2001

10

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA SCOTT MAYE-EL, | : | CIVIL NO. **1:CV-01-1258** |
| | : | |
| Petitioner | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden, | : | |
| | : | |
| Respondent | : | |

**FILED**
**HARRISBURG, PA**

### REPORT AND RECOMMENDATION

SEP 2 0 2001

MARY E. D'ANDREA, CLERK
PER————————
DEPUTY CLERK

On July 6, 2001, the petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner contends that the United States Bureau of Prisons has wrongfully failed to credit toward his current sentence the time that he was incarcerated in the Hudson County, New Jersey Jail from February 25, 1994 to October 1, 1994.

The petitioner paid the filing fee to commence this action on July 27, 2001 and by an Order dated August 6, 2001 the respondent was ordered to show cause on or before August 27, 2001 why the petitioner should not be granted habeas corpus relief. The Order of August 6, 2001 also permitted the petitioner to file a reply.

On August 27, 2001, the respondent filed a response to the petition.  On September 6, 2001, the petitioner filed a reply.

The factual background pertinent to the petitioner's claim is as follows.

In December 10, 1992, the petitioner was convicted of terroristic threats by the Hudson County Superior Court of New Jersey. *Doc. 9* at 13.    The maximum expiration date for that sentence was October 2, 1994. *Id.*   The petitioner was paroled from that sentence on June 22, 1993. *Id.*

On February 25, 1994, the petitioner was arrested by New Jersey authorities on charges of armed robbery, possession of a weapon for unlawful purposes, unlawful possession of a weapon, possession of a defaced firearm and possession of a prohibited device. *Id.* at 2-3, 34.   The petitioner was placed in the Hudson County Jail. *Id.* at 3.

Subsequently, a federal indictment was issued charging that on or about February 25, 1994 the petitioner violated 18

2

U.S.C. § 922(g) (possession of a firearm by a convicted felon).
*Id.* at 3, 11.

On March 9, 1994, while the petitioner was still in the Hudson County Jail, a parole violator warrant was issued for the petitioner. *Doc 1* at Exhibit 2.   On August 8, 1994, a New Jersey Hearing Officer determined that there was probable cause to believe that the petitioner had violated his parole on his 1992 sentence and the Hearing Officer referred the matter to the New Jersey Parole Board for its consideration. *Id.*

There is a dispute about whether the petitioner's parole was revoked.  The respondent contends that the petitioner's parole was revoked and that the petitioner was given a state parole violation term with a maximum expiration date of October 2, 1994.  The documents submitted by the respondent give rise to various inferences as to the date upon which the petitioner's parole was allegedly revoked.  *Doc. 9* at 13 (stating that parole was revoked on August 8, 1994 but also stating that petitioner was terminated from parole supervision on October 2, 1994); *Doc. 9* at 15 (stating that the petitioner was returned as a parole violator on March 23, 1994 and that he maxed out on September 28, 1994); *Doc. 9* at 28 (stating that on

3

March 9, 1994 the petitioner's parole was revoked and that he

began serving the parole violation term and that his parole

violation term ended on October 2, 1994).  The petitioner

contends that his parole was not revoked but that he remained

under parole supervision until October 2, 1994 when his 1992

sentence expired.


On September 14, 1994, Judge Ackerman of the United

States District Court for the District of New Jersey ordered

that the petitioner be transferred from the custody of Hudson

County to the custody of the United States Marshal Service until

further order of court.  *Doc. 9* at 21.   On April 12, 1995, the

petitioner was sentenced in the United States District Court for

the District of New Jersey to a term of imprisonment of 103

months for violation of 18 U.S.C. § 922(g).  *Id.* at 24.   On

June 1, 1995, the petitioner was committed to the United States

Penitentiary at Lewisburg for service of that sentence.  *Id.*   The

Bureau of Prisons gave the petitioner credit toward his federal

sentence for the 192 days he had been incarcerated from

October 2, 1994 to April 11, 1995.   *Id.* at 43.


On September 6, 1996, the petitioner was transferred to

state custody pursuant to the Interstate Agreement on Detainers

4

Act based upon the petitioner's request for disposition of the state charges stemming from his February 25, 1994 arrest. *Id.* at 5.  On October 11, 1996, the petitioner was convicted of armed robbery and sentenced by the Hudson County Superior Court to a ten year term of incarceration to run concurrent to his federal sentence. *Id.* at 34.  The petitioner was given credit toward his ten year state sentence for the 960 days he was incarcerated from February 25, 1994 to October 11, 1996. *Id.*  On May 17, 2000, the petitioner was paroled from his ten year state sentence. *Id.* at 36-39.

The petitioner is currently incarcerated at the United States Penitentiary at Allenwood.   The petitioner's current projected release date is June 4, 2002.

The petitioner contends that the Bureau of Prisons failed to credit toward his current sentence the time that he was in custody in the Hudson County Jail from February 25, 1994 to October 1, 1994.

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition

5

for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874

(3d Cir. 1976), *cert. denied*, 429 U.S. 851 (1976).

18 U.S.C. § 3585(b) governs credit given for prior

custody. 18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.--A defendant
> shall be given credit toward the service of a
> term of imprisonment for any time he has spent
> in official detention prior to the date the
> sentence commences--
>> (1) as a result of the offense for which
>> the sentence was imposed; or
>> (2) as a result of any other charge for
>> which the defendant was arrested after the
>> commission of the offense for which the
>> sentence was imposed;
> that has not been credited against another
> sentence.

"The courts have construed the last clause of section

3585(b) as limiting an award of credit for time served prior to

the imposition of a federal sentence under section 3585(b) to

instances where the time period was not spent in service of a

previously imposed sentence and thus had not been credited

against that earlier sentence." *Rios v. Wiley*, 201 F.3d 257, 272

(3d Cir. 2000). In other words, 18 U.S.C. §3585(b) prohibits

the award of double credit. *Id.; United States v. Wilson*, 503

U.S. 329, 337 (1992)(stating that Congress made clear in section

3585(b) that a defendant could not receive double credit for his

detention time).

6

The respondent contends that the petitioner is not entitled to credit toward his current sentence for the period from February 25, 1994 to October 1, 1994 because he received credit for that period of time toward both his ten year state sentence for armed robbery and his parole violation term.

It is clear that the petitioner received credit toward his ten year state sentence for armed robbery for the period from February 25, 1994 to October 1, 1994. *Doc. 9* at 34.  Thus, the petitioner is not entitled to credit toward his current federal sentence for that same time period.  To grant the credit the petitioner seeks would result in the petitioner receiving double credit for that time.

We note that the petitioner argues that he is entitled to credit toward his federal sentence for the period of time in question because at the time he began serving his federal sentence he had not yet been sentenced in state court and accordingly he had not received credit for that time period. The petitioner is correct that at the time he began serving his federal sentence he should have been credited with the time in question because at that time he had not received credit elsewhere.  However, it is now clear that the petitioner has

7

received credit for the time period in question. Thus, he should not also receive credit toward his federal sentence. Even if the Bureau of Prisons had initially credited the petitioner with the time when he began serving his federal sentence, pursuant to *Policy Statement* 5880.28 at page 1-24B ¶d[1], the Bureau of Prisons would have withdrawn the credit it initially granted and recalculated the petitioner's sentence when the petitioner received credit toward his state sentence.

Because the petitioner has received credit toward his ten year state sentence for armed robbery for the period in question, we do not need to decide whether the petitioner also received credit toward a state parole violation term for the period in question. As mentioned before, there is a factual dispute surrounding when, or if, the petitioner's parole was revoked and he began serving a parole violation term.

---

[1] PS 5880.28 page 1-24B ¶d provides, in pertinent part: "In the event periods of state (or foreign) credit unrelated to the SRA offense are applied to an SRA sentence, and the state (or foreign country) later convicts and sentences the individual to a term of imprisonment, the credit given by the state will be withdrawn from the federal computation provided the time in question does not convert to "Willis" or "Kayfez" type of time credit as previously discussed."

8

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

Dated: September 20, 2001.

9

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANA SCOTT MAYE-EL,            :      CIVIL NO. **1:CV-01-1258**
                              :
              Petitioner       :      (Judge Kane)
     v.                        :
                              :      (Magistrate Judge Smyser)
JAKE MENDEZ, Warden,           :
                              :                    **FILED**
              Respondent       :            **HARRISBURG, PA**

## NOTICE

**SEP 2 0 2001**

MARY E. D'ANDREA, CLERK
PER_____
             DEPUTY CLERK

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations
> or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or
> making a recommendation for the disposition of a prisoner case or a habeas corpus
> petition **within ten (10) days** after being served with a copy thereof. Such party
> shall file with the clerk of court, and serve on the magistrate judge and all parties,
> written objections which shall specifically identify the portions of the proposed
> findings, recommendations or report to which objection is made and the basis for
> such objections. The briefing requirements set forth in Local Rule 72.2 shall apply.
> A judge shall make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection is made and
> may accept, reject, or modify, in whole or in part, the findings or recommendations
> made by the magistrate judge. The judge, however, need conduct a new hearing
> only in his or her discretion or where required by law, and may consider the record
> developed before the magistrate judge, making his or her own determination on the
> basis of that record. The judge may also receive further evidence, recall witnesses
> or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: September 20, 2001.

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA SCOTT MAYE-EL, | : | |
| Petitioner | : | No. 1:CV-01-1258 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| JAKE MENDEZ, Warden, | : | (Magistrate Judge Smyser) |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 10th day of October, 2001, she served a copy of the attached

### RESPONDENT'S OPPOSITION TO PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Dana Scott Maye-El
Reg. No. 18118-050
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist