OFFICE OF THE CLERK

## UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4924

www.ca3.uscourts.gov

June 24, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

RECEIVED

JUN 26 2002

RE: Docket No. 01-4377
    Maye-El  vs. Mendez
    D. C. CIV. No. 01-cv-01258

MARY E. D'ANDREA, CLERK

Dear Mrs. D'Andrea:

    Enclosed is a certified copy of the judgment in the
above-entitled case(s), together with copy of the opinion. The
certified judgment is issued in lieu of a formal mandate and is to be
treated in all respects as a mandate.


    Counsel are advised of the issuance of the mandate by copy of
this letter. A copy of the certified judgment is also enclosed
showing costs taxed, if any.


                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk

                         By:  Nicole M. Bruno
                              Case Manager


Enclosure

cc:
        Mr. Dana S. Maye-El
        Kate L. Mershimer, Esq.

**BPS-99**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

NO. 01-4377

_____

DANA S. MAYE-EL,
Appellant

v.

*JAKE MENDEZ, Warden, U.S. Penitentiary,
Allenwood

*(Amended in accordance with Clerk's Order dated 1/7/02.)

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-1258 )
District Judge: Honorable Yvette Kane

_____

Submitted Upon Motion for Summary Affirmance
February 14, 2002

Before: ALITO, MCKEE AND ALDISERT[4] Circuit Judges.

**JUDGMENT**

_____

---

[4]  This matter was originally submitted to Judges Mansmann, Alito and McKee.
Because Judge Mansmann died prior to Appellee's filing of a response to the show cause
order, the Panel was reconstituted to include Judge Aldisert.

FILED
HARRISBURG, PA

JUN 2 6 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted upon motion for summary affirmance. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the District Court entered November 30, 2001 is hereby vacated and summarily remanded. All of the above in accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: May 3, 2002                              —

Certified as a true copy and issued in lieu
of a formal mandate on June 24, 2002

Teste: *Marcia M. Waldron*

Clerk, United States Court of
Appeals for the Third Circuit

BPS-99

**UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-4377

—————————

DANA S. MAYE-EL,
Appellant
v.

**FILED**
HARRISBURG, PA

JUN 2 6 2002

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

*JAKE MENDEZ, Warden, U.S. Penitentiary,
Allenwood

*(Amended in accordance with Clerk's Order dated 1/7/02.)

—————————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-1258 )
District Judge: Honorable Yvette Kane

—————————

Submitted Upon Motion for Summary Affirmance
February 14, 2002

Before: ALITO, MCKEE AND ALDISERT[1] Circuit Judges.

(Filed: May 3, 2002)

—————————

[1] This matter was originally submitted to Judges Mansmann, Alito and McKee.
Because Judge Mansmann died prior to Appellee's filing of a response to the show cause
order, the Panel was reconstituted to include Judge Aldisert.

OPINION

---

PER CURIAM

Appellee moves for the summary affirmance of Appellant Dana Scott Maye-El's

appeal of the District Court's denial of his habeas petition under 28 U.S.C. § 2241. We

will summarily remand the matter to the District Court.

I.

On February 25, 1994, while on parole for a prior offense, Maye-El was arrested

by New Jersey authorities on state charges. Maye-El was subsequently indicted on

federal charges for the February 25 incident. In March 1994, the state issued a parole

violator warrant. On August 8, 1994, a New Jersey Hearing Officer issued a Notice of

Probable Cause and referred the matter to the state parole board.

The details of Maye El's parole status are unclear. Appellee asserts that Maye-El's

parole was revoked, that he served a parole violator term with a maximum expiration date

of October 2, 1994, and that the parole violator term was credited with the period of

incarceration from February 25, 1994 through October 2, 1994. Maye-El contends that

his parole was not actually revoked, or alternatively that it was not revoked until August

8, 1994. The record shows that Maye-El was returned as a parole violator on March 23,

1994 (R.15),[2] and shows a revocation date of August 8, 1994 (R.13 at ¶ 52, 54) and

---

[2] R.__ refers to the record submitted by Appellee in response to Maye-El's habeas
petition.

maximum expiration dates of both September 28 (R.15) and October 2, 1994 (R.4 at ¶ 12).

On April 12, 1995, Maye-El was sentenced on the federal charges to 103 months imprisonment. Maye-El was committed to the United States Penitentiary at Lewisburg and given credit towards his federal sentence for his pre-sentence incarceration from October 2, 1994 through April 11, 1995.

On October 11, 1996, Maye-El was convicted in state court and sentenced to ten years incarceration to run concurrent with the federal sentence. Maye-El was given credit towards his state sentence for his entire pre-state-sentence incarceration from February 25, 1994 through October 11, 1996.

Maye-El was paroled from the state sentence in May 2000. His federal sentence is set to expire on June 4, 2002.

Maye-El filed a habeas petition in the District Court for the Middle District of Pennsylvania alleging that the United States Bureau of Prisons ("BOP") erroneously failed to give him credit for his incarceration from February 25, 1994 through October 1, 1994. The Magistrate Judge recommended denying the petition because Maye-El had received credit for the time in question towards his ten-year state sentence. The Magistrate Judge declined to address the parole status issue. Maye-El filed objections arguing that he was entitled to credit pursuant to Kayfez v. Gasele, 993 F.2d 1228 (7th Cir. 1993). The District Court adopted the recommendation and dismissed the habeas

3

petition.

Maye El filed a timely appeal and Appellee filed a motion for summary affirmance. Pursuant to a show cause order, Appellee filed a response arguing why the matter should not be summarily remanded to the District Court for a determination of whether Maye-El is entitled to Kayfez credit. Maye-El also filed a response.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review *de novo* the District Court's denial of a § 2241 habeas petition. Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001).

II.

Pursuant to 18 U.S.C. § 3585(b), an inmate does not receive credit for time served prior to imposition of the federal sentence when that prior time was credited against another sentence. However, § 3585(b) does not preclude credit against a federal sentence when the concurrent state sentence is longer and the difference between the terms is less than the amount of credit. Kayfez, 993 F.2d at 1290. See also BOP PS 5880.28 at p.1, 22C-23; BOP PS 5880.30 at p.10-11.

The District Court's reliance on § 3585(b) and the undisputed fact that the period at issue was credited towards the ten-year state sentence is not dispositive. Respondent concedes that had the BOP relied solely on the credit to the ten-year sentence, a Kayfez exception to § 3585(b) would have existed.

Thus, the question is whether the period at issue was also credited towards a state

4

parole violation term.  If, as argued by Appellee, the full period was credited to a parole

violation term, then § 3585 bars any further credit to the federal sentence.[3]  However, if,

as argued by Maye-El, the period was not *fully* credited to a parole violation term, then a

Kayfez analysis must be conducted to determine what affect, if any, the credit to the state

ten-year sentence has on the federal sentence.  As discussed above, the record does not

clearly set forth Maye-El's parole status in 1994.  Accordingly, we will deny the motion

for summary affirmance, and summarily vacate and remand this matter to the District

Court for consideration of these issues in the first instance.  3d Cir. L.A.R 27.4; 3d Cir.

I.O.P. 10.6.

    We note that Maye-El's sentence is scheduled to expire in the near future, and thus

recommend that the District Court conduct expedited proceedings.

---

[3] Kayfez would not apply to the parole violator sentence because that sentence was
not longer than and not concurrent with the federal sentence. See Kayfez, 993 F.2d at
1290.