**ORIGINAL**

MCC:KLM:all/2001V00746

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUL 19 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| | | |
|---|---|---|
| DANA SCOTT MAYE-EL, | : | |
| Petitioner | : | No. 1:cv-01-1258 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden | : | |
| Respondent | : | |

**RESPONDENT'S BRIEF IN SUPPORT OF DENIAL OF
THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a former federal prisoner, Dana Scott Maye-El.[1] Respondent is Jake Mendez, Warden of the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"), where Maye-El was formerly confined.

On November 30, 2001, this Court dismissed Maye-El's petition, which decision Maye-El appealed to the United States Court of Appeals for the Third Circuit. The Third Circuit vacated this Court's decision and remanded the matter to the District Court for further consideration.

Subsequently, Maye-El was released from prison. By Order of July 3, 2002, this Court ordered the parties to show cause on or before July 19, 2002, why it should not dismiss Maye-El's petition

---

[1] Petitioner currently uses the name Dana Scott Maye-El. He was formerly known as Dana Scott Maye and was charged, convicted and sentenced under the name of Dana Scott Maye.

as moot. Respondent files this brief in accordance with the Court's Order.

## Statement of the Case

On July 6, 2001, Maye-El filed his petition challenging the computation of his federal sentence. Maye-El claimed in his petition that he did not receive proper credit toward his federal sentence for his presentence confinement for the period of time from February 25, 1994, through October 1, 1994. On August 27, 2001, the government filed its response to Maye-El's petition and argued that Maye-El had already received credit for this disputed period toward the satisfaction of two state sentences, which period could not be re-credited to his federal sentence. As such, the Bureau of Prisons had correctly computed Maye-El's sentence.

On September 20, 2001, a Report and Recommendation was issued by Magistrate Judge Smyser, which noted that there was a factual dispute surrounding when, or if, Maye-El's parole was revoked and he began serving a parole violation term. Magistrate Judge Smyser found, however, that Maye-El did receive credit toward his ten-year state sentence for armed robbery for the period from February 25, 1994, to October 1, 1994, and therefore was not entitled to credit toward his federal sentence for that same time period.

Maye-El filed objections to the Magistrate's Report and Recommendation on September 26, 2001, arguing that he was entitled

2

to credit pursuant to <u>Kayfez v. Gasele</u>, 993 F.2d 1228 (7th Cir. 1993). On October 10, 2001, respondent filed his opposition to Maye-El's objections. By Order of November 30, 2001, this Court adopted the findings and recommendations of the Magistrate Judge and overruled Maye-El's objections. The petition for writ of habeas corpus was dismissed.

Maye-El filed a timely appeal of the Court's dismissal of his petition to the United States Court of Appeals for the Third Circuit, at No. 01-4377. On May 3, 2002, the Third Circuit, noting that the record did not clearly set forth Maye-El's parole status in 1994, stated:

> If, as argued by Appellee, the full period was credited to a parole violation term, then §3585 bars any further credit to the federal sentence. However, if, as argued by Maye-El, the period was not *fully* credited to a parole violation term, then a <u>Kayfez</u> analysis must be conducted to determine what affect, if any, the credit to the state ten-year sentence has on the federal sentence.

<u>Maye-El v. Mendez</u>, 2002 WL 127020 (3rd Cir. 2002)(footnote omitted)(attached). The Third Circuit vacated and remanded this matter to the District Court for consideration of this issue. A certified copy of the Third Circuit's Judgment was issued on June 24, 2002.

Maye-El subsequently was released from the Allenwood United States Penitentiary on June 4, 2002.

3

## Question Presented

Should the habeas petition be dismissed as moot?

## Argument

**THE HABEAS PETITION SHOULD BE DISMISSED AS MOOT.**

Under Article III, §2 of the United States Constitution, Maye-El's petition for writ of habeas corpus must present a case or controversy which "subsists through all stages of federal judicial proceedings, trial and appellate .... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Throughout the course of an action, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Steffel v. Thompson, 415 U.S. 452, 459 (1974)

In Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978 (1998), a prisoner who was attacking his parole revocation had gained his release from prison. The Supreme Court held that an incarcerated prisoner who challenges the validity of his conviction, where the prisoner has been released from incarceration, had to demonstrate that some collateral consequence of the conviction (or parole) existed for the suit to be maintained. Id. at 983.

In this case, Maye-El does not attack the validity of his conviction or parole but, rather, sought prior credit toward his federal sentence for time spent in state custody so that he could be released. In the interim, Maye-El was released from federal

4

prison. Applying the rationale set forth by the Supreme Court in Spencer, in order to maintain this action, Maye-El must demonstrate any collateral consequences which may be attributable to his instant claim. See Daniel v. Romine, No. 1:CV-99-0648, slip op. (M.D. Pa., Dec. 30, 1999)(attached). The presumption of collateral consequences, however, does not extend to the situation of requests for jail time credit. See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988)(a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when petitioner was paroled).

When events occur subsequent to the institution of a lawsuit that make judicial relief unnecessary, the action is considered moot, *i.e.* no longer justiciable. E.g., Commissioner of Internal Revenue v. Shapiro, 424 U.S. 614, 622 n.7 (1976). See, generally, 13 C. Wright & A. Miller, Federal Practice and Procedure, §3533 (1975). In light of his release from prison on June 4, 2002, Maye-El can no longer meet the case or controversy requirement of Article III, §2 of the United States Constitution and his action is no longer justiciable. Therefore, this matter is moot and Maye-El's petition for writ of habeas corpus should be dismissed.

5

## CONCLUSION

For all of the foregoing reasons, the petition for writ of habeas corpus should be dismissed as moot.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
ANITA LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: July 19, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA SCOTT MAYE-EL, | : | |
| Petitioner | : | No. 1:cv-01-1258 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Smyser) |
| JAKE MENDEZ, Warden | : | |
| Respondent | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 19th day of July, 2002, the undersigned was unable to serve a copy of the attached

**RESPONDENT'S BRIEF IN SUPPORT OF DENIAL OF
THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, because the addressee was released from federal prison and left no forwarding address with either the prison, the Court or respondent.

Addressee:

　　Dana S. Maye-El
　　Address Unknown

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　ANITA L. LIGHTNER
　　　　　　　　　　　　　　　　　　　　Paralegal Specialist

BPS-99                                           UNREPORTED-NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-4377

DANA S. MAYE-EL,
Appellant
v.

*JAKE MENDEZ, Warden, U.S. Penitentiary,
Allenwood

*(Amended in accordance with Clerk's Order dated 1/7/02.)

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-1258 )
District Judge: Honorable Yvette Kane

Submitted Upon Motion for Summary Affirmance
February 14, 2002

Before: ALITO, MCKEE AND ALDISERT[1] Circuit Judges.

(Filed: May 3, 2002)

---

[1] This matter was originally submitted to Judges Mansmann, Alito and McKee. Because Judge Mansmann died prior to Appellee's filing of a response to the show cause order, the Panel was reconstituted to include Judge Aldisert.

OPINION

PER CURIAM

Appellee moves for the summary affirmance of Appellant Dana Scott Maye-El's appeal of the District Court's denial of his habeas petition under 28 U.S.C. § 2241. We will summarily remand the matter to the District Court.

I.

On February 25, 1994, while on parole for a prior offense, Maye-El was arrested by New Jersey authorities on state charges. Maye-El was subsequently indicted on federal charges for the February 25 incident. In March 1994, the state issued a parole violator warrant. On August 8, 1994, a New Jersey Hearing Officer issued a Notice of Probable Cause and referred the matter to the state parole board.

The details of Maye El's parole status are unclear. Appellee asserts that Maye-El's parole was revoked, that he served a parole violator term with a maximum expiration date of October 2, 1994, and that the parole violator term was credited with the period of incarceration from February 25, 1994 through October 2, 1994. Maye-El contends that his parole was not actually revoked, or alternatively that it was not revoked until August 8, 1994. The record shows that Maye-El was returned as a parole violator on March 23, 1994 (R.15),[2] and shows a revocation date of August 8, 1994 (R.13 at ¶ 52, 54) and

---

[2] R.__ refers to the record submitted by Appellee in response to Maye-El's habeas petition.

2

maximum expiration dates of both September 28 (R.15) and October 2, 1994 (R.4 at ¶ 12).

On April 12, 1995, Maye-El was sentenced on the federal charges to 103 months imprisonment. Maye-El was committed to the United States Penitentiary at Lewisburg and given credit towards his federal sentence for his pre-sentence incarceration from October 2, 1994 through April 11, 1995.

On October 11, 1996, Maye-El was convicted in state court and sentenced to ten years incarceration to run concurrent with the federal sentence. Maye-El was given credit towards his state sentence for his entire pre-state-sentence incarceration from February 25, 1994 through October 11, 1996.

Maye-El was paroled from the state sentence in May 2000. His federal sentence is set to expire on June 4, 2002.

Maye-El filed a habeas petition in the District Court for the Middle District of Pennsylvania alleging that the United States Bureau of Prisons ("BOP") erroneously failed to give him credit for his incarceration from February 25, 1994 through October 1, 1994. The Magistrate Judge recommended denying the petition because Maye-El had received credit for the time in question towards his ten-year state sentence. The Magistrate Judge declined to address the parole status issue. Maye-El filed objections arguing that he was entitled to credit pursuant to Kayfez v. Gasele, 993 F.2d 1228 (7th Cir. 1993). The District Court adopted the recommendation and dismissed the habeas

3

petition.

Maye El filed a timely appeal and Appellee filed a motion for summary affirmance. Pursuant to a show cause order, Appellee filed a response arguing why the matter should not be summarily remanded to the District Court for a determination of whether Maye-El is entitled to Kayfez credit. Maye-El also filed a response.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review *de novo* the District Court's denial of a § 2241 habeas petition. Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001).

## II.

Pursuant to 18 U.S.C. § 3585(b), an inmate does not receive credit for time served prior to imposition of the federal sentence when that prior time was credited against another sentence. However, § 3585(b) does not preclude credit against a federal sentence when the concurrent state sentence is longer and the difference between the terms is less than the amount of credit. Kayfez, 993 F.2d at 1290. See also BOP PS 5880.28 at p.1, 22C-23; BOP PS 5880.30 at p.10-11.

The District Court's reliance on § 3585(b) and the undisputed fact that the period at issue was credited towards the ten-year state sentence is not dispositive. Respondent concedes that had the BOP relied solely on the credit to the ten-year sentence, a Kayfez exception to § 3585(b) would have existed.

Thus, the question is whether the period at issue was also credited towards a state

4

parole violation term. If, as argued by Appellee, the full period was credited to a parole violation term, then § 3585 bars any further credit to the federal sentence.[3] However, if, as argued by Maye-El, the period was not *fully* credited to a parole violation term, then a Kayfez analysis must be conducted to determine what affect, if any, the credit to the state ten-year sentence has on the federal sentence. As discussed above, the record does not clearly set forth Maye-El's parole status in 1994. Accordingly, we will deny the motion for summary affirmance, and summarily vacate and remand this matter to the District Court for consideration of these issues in the first instance. 3d Cir. L.A.R 27.4; 3d Cir. I.O.P. 10.6.

We note that Maye-El's sentence is scheduled to expire in the near future, and thus recommend that the District Court conduct expedited proceedings.

---

[3] Kayfez would not apply to the parole violator sentence because that sentence was not longer than and not concurrent with the federal sentence. See Kayfez, 993 F.2d at 1290.

5

BPS-99

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-4377

DANA S. MAYE-EL,
Appellant
v.

*JAKE MENDEZ, Warden, U.S. Penitentiary,
Allenwood

*(Amended in accordance with Clerk's Order dated 1/7/02.)

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-1258 )
District Judge: Honorable Yvette Kane

Submitted Upon Motion for Summary Affirmance
February 14, 2002

Before: ALITO, MCKEE AND ALDISERT[4] Circuit Judges.

**JUDGMENT**

---

[4] This matter was originally submitted to Judges Mansmann, Alito and McKee. Because Judge Mansmann died prior to Appellee's filing of a response to the show cause order, the Panel was reconstituted to include Judge Aldisert.

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted upon motion for summary affirmance. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the District Court entered November 30, 2001 is hereby vacated and summarily remanded. All of the above in accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*
Clerk

DATED: May 3, 2002

cc: Nero
USP-L
KLM
BBW
BBH

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS DANIEL,  :
      Petitioner  :
      :
v.  :   CIVIL NO. 1:CV-99-0648
      :
DONALD ROMINE,  :   (Judge Kane)
      Respondent  :

FILED
HARRISBURG, PA
DEC 30 1999
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**M E M O R A N D U M**

**Background**

    Louis Daniel initiated the above-captioned pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while previously confined at the Lewisburg Federal Prison Camp, Lewisburg, Pennsylvania (FPC-Lewisburg). The required filing fee has been paid.

    Daniel contends that he is entitled to a credit of one hundred and seventy (170) days towards service of his federal sentence. Specifically, petitioner asserts that the Federal Bureau of Prisons has failed to credit him for a period of incarceration from May 9, 1998 to October 25, 1998 which he served at the Federal Correctional Institution, Otisville, New York (FCI-Otisville) after being arrested pursuant to a parole violator warrant. If given the above sentence credit, petitioner claims that he would be entitled to immediate release on parole. Daniel acknowledges that the "Bureau of Prisons continues to state that the 170 days served in confinement at FCI-Otisville are to be credited only toward my service of time on the street while I am

on parole." (Doc. 1, page 4-A.)

Following service of the petition, respondent filed a response stating that the 170 day period at issue was previously credited towards service of Daniel's maximum sentence and that he is not entitled to an additional 170 days of jail time credit. The response also indicated that petitioner was presently being housed at the Community Corrections Center, Bronx, New York. However, the certificate of service attached to the response provided that it had been served on Daniel at FPC-Lewisburg. Consequently, by order dated August 16, 199 the respondent was directed to serve a copy of the response on Daniel at his current place of confinement. The order further granted petitioner fifteen (15) days following the date of service in which to file a reply.

On August 18, 1999, respondent filed a certificate of service stating that his response had been remailed to Daniel at an address in Millbrook, New York. This court then sua sponte contacted counsel for the respondent and verified that petitioner had been released from the Community Corrections Center.

## DISCUSSION

In examining the instant matter, the relevant inquiry is whether the pending petition for writ of habeas corpus is now moot due to Daniel's subsequent release from prison. The central issue is whether, as required by Article III, § 2 of the United States

2

Constitution, Daniel's petition still presents a case or controversy under the present circumstances. It has been held that the case or controversy requirement of Article III ". . . subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

It has been held that an incarcerated convict or parolee who challenges the validity of his conviction or parole always satisfies the case or controversy requirement by the mere fact of his incarceration or the restrictions placed upon him. The existing incarceration or parole restrictions constitute the injury, and both may be redressable by the invalidation of the conviction or parole determination. However, in a case like the present, where the incarceration has ended, ". . . some 'collateral consequence' of the conviction (or parole) -- must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 983 (1998).[1]

---

1. In Spencer, an attack to a parole revocation by a prisoner who had gained his release was deemed to lack any collateral consequences.

3

Daniel does not attack the validity of either his underlying conviction or parole revocation. Rather, he seeks only a credit of 170 days towards the time he must serve prior to becoming eligible for parole. Thus, based on the rationale set forth by the Supreme Court in Spencer, to maintain this action, continuing collateral consequences must exist or be presumed. Id., 118 S. Ct. at 983. While it has been held that most criminal convictions do involve adverse collateral legal consequences. see Sibron v. New York, 392 U.S. 40, 55 (1968) and Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968), the same presumption of collateral consequences has been found not to extend to the situation of requests for jail time credit. See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988) (a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when the petitioner was paroled.

Petitioner has failed to assert or demonstrate any other collateral consequences which may be attributable to his instant claim. As such, under the principles set forth in Spencer and Johnson, Daniel's release from incarceration has caused his instant petition to become moot since it no longer presents an existing case or controversy. An appropriate order is attached.

_____
YVETTE KANE
United States District Judge

DATED: DECEMBER 30, 1999

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS DANIEL,

    Petitioner

v.  :  CIVIL NO. 1:CV-99-0648

DONALD ROMINE,  :  (Judge Kane)

    Respondent

**ORDER**

NOW, THEREFORE, THIS 30th DAY OF DECEMBER, 1999, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is denied as moot.
2. The Clerk of Court is directed to close the case.
3. Based on the court's decision herein, there is no basis for the issuance of a certificate of appealability.

                                      YVETTE KANE
                                      United States District Judge

YK:jvw